## EXPOSITION COTTON MILLS *v.* SANDERS.

Where a manufacturing corporation employs a watchman, and prescribes, amongst his duties, that he shall look after the property of the employer and police the premises and tenant-houses in which the employees live, and keep order on said premises, and arrest persons violating the law or injuring any property of the employer or creating any disorder about the mill, the servant necessarily must be the judge of acts which will amount to acts of disorder; and if the servant, in pursuance of his duties as servant, arrests and beats an intoxicated person sitting on

38

the steps of one of the employer's tenant-houses but not creating a disturbance, the master is liable for the servant's tort. This is true although the servant may also be a special policeman.

JUNE. 23, 1915.

Action for damages. Before Judge Bell. Fulton superior court. April 25, 1914.

D. N. Sanders brought suit against the Exposition Cotton Mills, to recover damages on account of an alleged unlawful assault upon him by a servant of the defendant, acting within the scope of his duties. The petition alleged, in substance, that the plaintiff was working for the defendant at its factory, and was boarding with a Mr. Queen at 109 Main Street, near the mills. The house occupied by Queen belonged to the defendant, and Queen was its tenant. On the afternoon of the day named in the petition the plaintiff "had been to town and had taken several drinks, and was to some extent intoxicated." After returning home he sat on the steps of his boarding-house, and "was not creating any disturbance and was not in any wise molesting any one," when one Lawson came to him, took hold of him, and told him he was going to place him under arrest. Plaintiff inquired the cause of his arrest, when Lawson jerked him off the doorsteps and began beating him over the head with a heavy club. Lawson then took him "up the street for the purpose of calling a police patrol, and while waiting he again assaulted petitioner, beating petitioner over the head with said heavy club." It was alleged that "Lawson was employed by said defendant as gatekeeper and watchman. It was a part of the duties of said Lawson, under the employment of said defendant, to look after the property of defendant and to police the premises and tenant-houses in which defendant's employees lived, and to keep order on said premises, and to arrest persons violating the law or injuring the property of defendant or creating any disorder about the mill property. Said Lawson acted as a policeman about the mill and mill property, and this was done as a part of the duties of the employment by the defendant." It was further alleged that Lawson was acting within the scope of his employment by the defendant, in his efforts to arrest the plaintiff. The court overruled a general demurrer, and exception was taken to this judgment.

*Payne & Jones,* for plaintiff in error.
*Moore & Branch,* contra.

EVANS, P. J. (After stating the foregoing facts.) The petition is not clear that the servant of the defendant was also an officer of the law. He is referred to as a policeman, and also as having taken the plaintiff up the street to be delivered to a police patrol. We think it is fairly inferable from these allegations that the defendant's servant was also a special officer of the law, detailed for service upon the defendant's premises. A servant may also be a special officer of the law, and the latter fact does not relieve the master from liability for his acts within the scope of his authority as servant. If he commits a tort in the discharge of duties owing to the master, the latter will be liable for his servant's tort. If the servant commits a tort as a police officer, the master will not be liable, unless it was done at his direction. *Pounds* v. *Central of Georgia Railway Company*, 142 *Ga.* 415 (83 S. E. 96). The petition alleges that it was a part of the duties of the servant to look after the defendant's property and "to police the premises and tenant-houses in which the defendant's employees lived, and to keep order on said premises, and to arrest persons violating the law or injuring any property of defendant or creating any disorder about the mill property." This allegation contains a specific charge that the servant was authorized by the master to arrest persons violating the law, injuring the master's property, or creating any disorder upon the property. Under the terms of an employment of this kind the servant necessarily must be the judge as to whether any person is creating disorder about the mill. The plaintiff was in an intoxicated condition, and, although he disclaims that he was creating any disturbance, if the servant mistakenly interpreted his intoxicated condition while sitting on the steps of the defendant's tenant-house as a violation of law, or as an act of disorder, and arrested him in pursuance of his general duties as servant of the defendant, the latter will be liable. Dickson *v.* Waldron, 135 Ind. 507 (34 N. E. 506, 35 N. E. 1, 24 L. R. A. 483, 41 Am. St. R. 440). The rule is clear that a master is liable for torts committed by his servants in the prosecution and within the scope of his business, whether the same be by negligence or voluntary. Civil Code (1910), § 4413. We think the allegation sufficiently charges that the servant, in arresting the intoxicated plaintiff on the premises of his employer, was in the performance of his duties as alleged in the petition. It does not appear from the peti-

tion that any authority, State or municipal, exercised control over the acts of the servant; and in view of the positive allegation that it was his duty under his employment to exercise the power of arrest, and that such was within the scope of his employment, we think that it was not improper to overrule the general demurrer.

*Judgment affirmed. All the Justices concur.*