21503. Waddington *v.* Stores Mutual Protective Association.

Stephens, J. 1. Where there was a corporation formed by an association of merchants which constituted what was called a "protective association," whose duty it was to look after the interests of the mercantile establishments who were members of the association, by investigating

thefts from the stores, or the passage of worthless checks upon the merchants, and to make arrests in such cases, and where an official of the corporation, known as the "assistant manager" had authority, during the absence of the manager of the corporation, to represent the corporation in "taking whatever action might be proper with respect to arrests or the institution of criminal proceedings or the like" for any of the association's "patrons," and where the assistant manager "exercised" his own judgment and would, without waiting to consult the manager, investigate matters for the members of the association, and where the association had in its possession several worthless checks which had been passed upon several mercantile establishments who were members of the association, and where the assistant manager was "looking after these particular checks for those people" and endeavoring to apprehend and "bring to justice the issuer[s] of those bad checks, for the members," and where the assistant manager, who was also a city police officer, and while on duty as a city police officer, and "off duty with the association," made an arrest, at the same time stating to the person arrested that he represented the association, and took the person arrested to the police station and questioned him as to the authorship of a number of checks, at the same time exhibiting to him one of the worthless checks referred to and which had been passed upon one of the members of the association and which the association had in possession, and caused the arrested person to write the names of persons appearing on these checks, and where representatives of the merchants who were members of the association upon whom these checks had been passed came to the police station and questioned the arrested person, and where the person who had made the arrest had, on the night when the arrest was made, reported the making of the arrest to the manager of the association, who at the time was at home sick, the inference is authorized that the person who made the arrest and held the arrested person in custody did so while acting as the authorized agent of the association to make the arrest. The fact that the person making the arrest may then have been off duty with the association and on duty as a city police officer does not demand the inference that his agency as an official of the association and his described duties incident to that agency became terminated while he was on duty as a city police officer. His duties as an officer of the association and as a police officer of the city were not inconsistent, and both duties could be performed simultaneously; and, notwithstanding the fact that when the person making the arrest was at the time [off duty with the association and on duty with the city, he was at the same time] the agent of the association, and when on duty for the city he actually performed the special duties for which he was employed by the association, he nevertheless at the time could have been acting as agent for and in behalf of the association.

2. In a suit against the corporation by the person arrested, to recover damages for his false and illegal imprisonment which was made without lawful warrant, the evidence was sufficient to authorize a finding for the plaintiff, and the court erred in directing a verdict for the defendant. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1932.

828

■■■■■■■■■■■■■

*Winfield P. Jones,* for plaintiff.   *H. W. McLarty,* for defendant.