43068.   HARRIS v. STUCKI.

ARGUED SEPTEMBER 6, 1967—DECIDED SEPTEMBER 12, 1967— REHEARING DENIED SEPTEMBER 26, 1967—

**372**


*William G. McRae*, for appellant.

*Ross & Finch, Claude R. Ross, I. J. Parkerson*, for appellee.

EBERHARDT, Judge. A summary judgment should be granted only when there is no genuine issue as to any material fact for submission to a jury. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442); *Dillard v. Brannan*, 217 Ga. 179 (121 SE2d 768); *Code Ann.* § 110-1203. In making the determination of whether there is a genuine issue as to a material fact the evidence is to be construed in favor of the opposing party. *McCarty v. National Life &s. Ins. Co.*, 107 Ga. App. 178 (129 SE2d 408). Under *Code Ann.* § 68-1656 (a) it becomes very material whether plaintiff stepped backward *across the dividing line* into the eastbound lane of traffic. There is a conflict as to this in the evidence submitted, and hence a jury issue. Denial of plaintiff's motion was proper, but the grant of defendant's motion was error.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Hall, J., concur.*

ON MOTION FOR REHEARING.

Defendant, moving for rehearing, urges that since plaintiff alleged in Paragraph 8 of his petition that he was "about to enter the southernmost of the two lanes marked for vehicular traffic traveling west [when] petitioner observed that an automobile traveling west in said lane was about to strike petitioner, and petitioner, in order to avoid being struck by said automobile, stepped backward, and was violently struck down by an automobile being operated by the defendant traveling east in the northernmost of the three marked lanes for traffic trav-

eling east," plaintiff is bound by an admission in judicio that he was not across the dividing line and that defendant's vehicle was in its proper lane of traffic when it struck him.

Evidence contrary to these allegations might have been objected to and kept out of the summary judgment hearing, but nothing in this record indicates that any objections were made. Consequently, the contention now made is without merit. *Planters Rural Telephone Co-op. v. Chance,* 108 Ga. App. 146, 147 (132 SE2d 90).

*Motion denied.*