## 43760. COLONIAL STORES, INC. v. HOLT.

WHITMAN, Judge. This case involves a false imprisonment action and is here on an appeal by the defendant from a denial of its motion for summary judgment. The order denying summary judgment was certified as subject to review by direct appeal in accordance with *Code Ann.* § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238). The order denying summary judgment is the only enumerated error.

The plaintiff alleges in his petition that the defendant by and through its employee and agent, W. L. Jackson, acting within the scope of his authority illegally arrested plaintiff and caused him to be imprisoned in the city jail of East Point, Georgia, and also in the Fulton County jail in Atlanta, Georgia; that Jackson executed an accusation accusing plaintiff of "wrongfully and fraudulently taking and carrying away with intent to steal, certain food items of the value of . . . $8.01"; that Jackson did the aforesaid when he knew or should have known that plaintiff had stolen nothing; and that the accusation, arrest and imprisonment were maliciously instigated by the defendant with intent to injure plaintiff and were without probable cause. The defendant answered by denying the material allegations of the complaint. No affirmative defenses were interposed.

The trial court, in denying summary judgment for the defendant, ruled that, in view of the evidence presented, a jury question remained as to whether W. L. Jackson was acting for defendant and within the scope of his employment by defendant when he directed the arrest of the plaintiff.

It is the defendant's position on appeal that Jackson was a police officer with the City of East Point and, although he had been engaged and was being paid by defendant to help solve thefts from defendant's warehouse, Jackson, with reference to the events complained of, acted as a public official rather than as an agent or servant of the defendant and therefore defendant can not be held liable.

The evidence presented to the trial court on the motion for summary judgment was substantially as follows: The defendant's Director of Security, one R. A. Shaw, testified that it had come to his attention that thefts from defendant's meat plant were occurring and that in order to conduct a surveillance of the area he needed additional help and contacted the City of

East Point with reference to the use of members of their police force. Police officers were available for such work on their off-duty hours and were normally paid $3.00 per hour for their services. On October 28, 1967, two officers, W. L. Jackson and O. C. Norton, were employed at $3.00 per hour and went with Shaw to the warehouse. Shaw explained the ingress and egress of the warehouse. Together, Shaw and Jackson, with binoculars, took up a position in an automobile located across from the warehouse. Jackson also had a walkie-talkie radio with him for communication with East Point patrol cars in the area. Norton went to another location.

Around 8:30 p.m. Jackson and Shaw watched a man carry a box or package out of the warehouse produce area and put it in a black and yellow Ford automobile. He then went back inside. He was unidentifiable but presumed to be a Colonial Stores' employee since he had come out of the warehouse. About two hours later Shaw and Jackson saw two men come out, get in the same black and yellow Ford and drive away. Jackson contacted an East Point patrol car in the area and instructed its officers to stop the car and to arrest the occupants if it had Colonial Stores' merchandise in it. The car was stopped and merchandise was found. The apprehension and arrest took place off the defendant's property. Jackson instructed the officers to take the occupants, one of whom was the plaintiff, to the East Point police station. Jackson then went to the station and signed accusations against the occupants.

Jackson, in an affidavit, stated: "I was not asked to make any specific arrest by any employee or agent of Colonial Stores, Inc. The decision to make the arrest . . . was my sole decision based completely upon what I had personally observed on the night in question and was not based upon any representations or statements made to me by any person connected with Colonial Stores, Inc. in any manner whatsoever."

Jackson, in a counteraffidavit, stated: "[M]y duties were to assist Mr. R. A. Shaw, the Security Officer for Colonial Stores, in apprehending any employee attempting to take merchandise out of the warehouse as a result of this work I had W. C. Holt arrested for simple larceny and incarcerated in the jail

at East Point. I further signed an accusation in the Criminal Court of Fulton County for the same offense." *Held:*

1. One of the fundamental questions in a. case wherein a principal or master is sought to be held liable for the tort of an agent or servant is whether, when the tort was committed, it was caused or procured by the agent or servant while acting within the course and scope of his employment. The extent of an agent or servant's authority includes, of course, what is expressly or specifically authorized by his superior. As to third persons, it includes what is to be implied from the manner in which the agent or servant is permitted to act or conduct his principal's business, i.e., it is not necessary for a recovery to prove that the act complained of was expressly authorized or directed. Furthermore, even though no express or implied authority exists for a tortious act, a principal or master may ratify the action of his agent or servant and be held liable.

The above principles are generally applicable in actions for false arrest or imprisonment. In this connection see Annot., 92 ALR2d 15.

"A railway company is not liable in damages for a wrongful killing by a police officer of a municipality, even if such officer was paid by the corporation, where it does not appear that at the time of the homicide the officer was performing any service for, or by direction of, the corporation, but was merely in the discharge of such duties as are performed by the police officers of the municipality." *Pounds v. Central of Ga. R. Co.*, 142 Ga. 415 (83 SE 96). "A servant may also be a special officer of the law, and the latter fact does not relieve the master from liability for his acts within the scope of his authority as servant. If he commits a tort in the discharge of duties owing to the master, the latter will be liable for his servant's tort. If the servant commits a tort as a police officer, the master will not be liable, unless it was done at his direction." *Exposition Cotton Mills v. Sanders*, 143 Ga. 593, 595 (85 SE 747). However, even if a police officer was on duty with the city when the alleged tort occurred, it will not preclude a recovery if at the time he could have been acting as agent for and in behalf of his off-duty employer who is sought to be held liable. *Waddington v. Stores Mut. &c. Assn.*, 44 Ga. App. 826 (1) (163 SE 313).

2. The case comes down to one of looking into the capacity in

which Jackson was acting when the alleged tort occurred. We are of the opinion that there was no error in denying the defendant's motion for a general summary judgment, for it simply cannot be said on this evidence, which must be construed most strongly in favor of the party opposing the motion (*Harris v. Stucki*, 116 Ga. App. 371 (157 SE2d 507)), that Jackson acted only in his capacity as a public officer and not in his capacity as an agent or servant of the defendant. The evidence supports both views. Of particular significance to us is the fact that Jackson was engaged by the director of security of the defendant. The latter's job was to protect the property of the defendant and Jackson was to help out. Jackson was paid by the hour and was subject to the direction and control of his employer. They were working together when the events in question transpired.

"It has been generally held to be a question of fact for a jury, whether, when a special officer performs acts for which the master is sought to be held liable, he is acting in his capacity as a servant, or as a public officer." *Massachusetts Cotton Mills v. Hawkins*, 164 Ga. 594 (1-c) (139 SE 52). See also Annot., 92 ALR2d 15, 27.

*Judgment affirmed. Eberhardt, J., concurs. Felton, C. J., concurs specially.*

ARGUED JULY 1, 1968—DECIDED NOVEMBER 27, 1968— REHEARING DENIED DECEMBER 12, 1968.

*Greene, Buckley, DeRieux, Moore & Jones, Burt DeRieux, James A. Eichelberger,* for appellant.

*Smith, Spears & Sears, Virgil H. Smith,* for appellee.

FELTON, Chief Judge, concurring specially. I concur in the judgment for the reason that the evidence submitted on the motion for a summary judgment does not show as a matter of law that the defendant was entitled to a summary judgment. The pleadings were therefore not pierced and a genuine issue remains *as made by the pleadings.* This court has no jurisdiction at this stage of the case to decide or intimate whether jury issues will or will not be involved when the case is tried on evidence which may be different from that on the motion here involved. The

830

only question before this court now is whether the evidence showed as a matter of law that the defendant is not liable.