### 70285. BIGGS v. McDOUGALL.

(332 SE2d 381)

BIRDSONG, Presiding Judge.

This is a plaintiff's appeal of grant of summary judgment to the defendant doctor in a medical malpractice case. In his complaint, Biggs alleged as his sole claim of negligence that in performing upon Biggs an operation to remove an infected prostate gland, McDougall

"in the course of said operation incised the plaintiff's external sphincter muscles" (which, it is ultimately alleged, left Biggs incontinent). McDougall answered that the operation was performed to remove a bladder outflow obstruction and denied that he "incised the plaintiff's external sphincter muscle." McDougall then moved for summary judgment and swore by affidavit that in performing the operation, a transurethal resection (TUR) procedure, he "met and exceeded the degree of care and skill ordinarily exercised by the medical profession generally under similar conditions and like surrounding circumstances." He stated that after the operation Biggs "had marked urgency incontinence, but there was no evidence of significant postoperative bleeding."

In response to the doctor's motion for summary judgment, Biggs submitted the lengthy affidavit of Dr. Lazarus Orkin, a board certified urologist, stating that in his opinion, Dr. McDougall did not give Biggs "the degree of care and skill ordinarily exercised by any physician generally, under similar conditions and like surroundings and circumstances." Orkin recited his study of and conclusions upon some 438 pages of typed and written medical records. These documents were made a part of the record. Nearly three months later and two days before the summary judgment hearing, McDougall filed and served an "Objection to Affidavit of Lazarus Orkin, M.D., and Motion to Strike," by which McDougall contended and showed that Orkin had made several errors of fact in his recitation of evidence and that therefore his conclusions and opinions were based on facts not in evidence and were inadmissible. The trial court ruled that McDougall's "objection to the Orkin affidavit is sustained," and granted summary judgment to McDougall. *Held:*

1. Evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment. *Thomasson v. Trust Co. Bank,* 149 Ga. App. 556 (254 SE2d 881); *Matthews v. Wilson,* 119 Ga. App. 708 (168 SE2d 864). An expert is not permitted to give his opinion based on facts not in evidence (*Braswell v. Owen of Ga.,* 128 Ga. App. 528, 529 (197 SE2d 463)), or upon erroneously assumed facts. *Smith v. Luckett,* 155 Ga. App. 640 (271 SE2d 891). Nevertheless, there was no error of fact made in Orkin's affidavit as to the sole issue in this case.

The errors of fact made by Dr. Orkin include the assumption that Biggs was 44 when he underwent his first TUR in 1969 (Biggs was in fact 39); that prior to the subject TUR, Biggs' symptoms were "urgency, frequency, and nocturia, and some degree of incontinence" (in fact his symptoms were incomplete emptying of the bladder, nocturia, and dribbling); that Biggs was prior to surgery administered an "intravenous pyelogram" (he was administered a retrograde pyelogram);

and some other alleged errors of fact having to do with pre-operative and post-operative treatment and diagnosis and were facts and opinions offered by Orkin as to Biggs' treatment generally.

None of these errors and misstatements of fact touches directly upon the issue of whether *during the course of the TUR procedure* McDougall "incised the plaintiff's external sphincter muscle," which was the sole allegation of negligence. Upon this question, Orkin stated: "It has been accepted that it is contrary to good practice to damage and/or to injury [sic] the external urethral sphincter during the procedure of the TUR. The pathology [sic] of the prostatic tissue removed during the TUR operation of March 1, 1982 [sic] did damage and traumatize the external sphincter during Dr. McDougall's procedure. Proof of this is obtained in the histological report of the tissue sent to the laboratory — 'the tissue weighed 3 grams of tissue and it contained striated muscle which can only come from the external sphincter.' There is no question but that injury to this patient's external sphincter was a distinct departure of good and accepted urological practice." Dr. Orkin also opined that the TUR operation itself "was not given the degree of care and skill ordinarily exercised by any physician generally, under similar conditions and like surroundings and circumstances."

There is no question that the quote by Dr. Orkin misstates some of the facts. The pathologist's report stated: "The specimen submitted consists of four grams of irregular pink-gray chip like fragments of rubbery tissue. . . . The sections [sic] shows all the material submitted showing a few fragments of prostatic tissue. . . . Fragments of bladder wall showing smooth muscle are present *with several fragments showing bundles of striated muscle indicating portions of the external sphincter. . . .*" (Emphasis supplied.)

We conclude without question that although Dr. Orkin misquoted from the pathologist's report and misstated the amount of tissue removed, he made no error upon the *single material issue in this case*: that the tissue removed contained, as the report stated, "bundles of striated muscle indicating portions of the external sphincter." Solely upon this fact, Dr. Orkin stated that the TUR procedure "did damage and traumatize the external sphincter during Dr. McDougall's procedure," and, "[t]here is no question but that injury to this patient's external sphincter was a distinct departure of good and accepted medical practice," and that in performing the TUR McDougall failed to adhere to the standard of care as stated above. Orkin's statement that damage and trauma were done to the sphincter supports plaintiff's contention that McDougall incised or cut Biggs' sphincter muscle, particularly since it is based on the pathologist's report that tissue removed from Biggs included external sphincter muscle.

In the usual case, errors of fact made in a counter affidavit would

be fatal to the plaintiff's case, but under the facts in this case, most of the errors have no direct bearing on whether appellee incised Biggs' sphincter muscle during surgery, and the misquote and misstatement of the pathologist's report does not err on the essential fact that striated muscle fragments indicating external sphincter muscle were found in the tissue removed from Biggs. The fact that other errors were made in his assumption of facts cannot be allowed to obscure or confuse the fact that, on the critical issue, Orkin's opinion that McDougall negligently damaged and traumatized Biggs' sphincter is supported by the evidence and raises an issue of fact. Any and all other errors of fact made by Orkin in his affidavit go only to the credibility of the witness; our only task is to determine whether there is a genuine issue of material fact. *Suggs v. Brotherhood of Locomotive Firemen*, 104 Ga. App. 219, 222 (121 SE2d 661). In determining whether the evidence raises an issue of material fact, the respondent is given the benefit of all favorable inferences that may be drawn from the evidence (*Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442)); all evidence is construed in his favor (*Harris v. Stucki*, 116 Ga. App. 371 (157 SE2d 507)); and he is given the benefit of all reasonable doubt (*Watkins v. Nationwide Mut. Fire Ins. Co.*, 113 Ga. App. 801 (149 SE2d 749)).

2. Although the judgment below is reversed, we note that appellee's motion to strike could not have been properly granted without five days' notice of hearing (OCGA § 9-11-6 (d); see *Ingle v. Swish Mfg. Southeast*, 164 Ga. App. 469, 471-472 (297 SE2d 506)). However, it is clear the trial court based its ruling not on the motion to strike but upon McDougall's "objection to evidence," and could procedurally do so at the summary judgment hearing without prior notice. *Area v. Cagle*, 148 Ga. App. 769 (252 SE2d 655).

*Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED JUNE 7, 1985.

*Thomas Blaska, Charles Clay*, for appellant.
*Judson Graves*, for appellee.