## 76806. WELTON v. GEORGIA POWER COMPANY.
(375 SE2d 108)

BEASLEY, Judge.

Welton appeals the grant of summary judgment to defendant Georgia Power Company in his suit to recover damages for false imprisonment, slander, and emotional distress when alleged agents of the company, Merritt and Hartley, caused him to be detained as a robbery suspect. The determination below and the argument on appeal focus solely on the false imprisonment claims.

Merritt, a City of Atlanta police officer, worked part-time for Georgia Power doing general security work. Hartley was a senior security investigator for the company. The trial court granted summary

and final judgment to Georgia Power, having concluded as a matter of law that Welton was acting pursuant to his authority as a police officer and was not at the time of or for the purpose of the *detention* acting within the scope of his duties for Georgia Power, and that Hartley did not "actively instigate or procure" Welton's detention, citing *Baggett v. Nat. Bank & Trust Co.*, 174 Ga. App. 346 (330 SE2d 108) (1985).

Construing the evidence in favor of Welton, the circumstances giving rise to the suit were the following: Welton, a financial and marketing consultant, accompanied a client to a branch of the C & S National Bank located in the Georgia Power Building. Welton waited outside while the client transacted her business, shortly after eleven o'clock in the morning. Welton noticed Hartley who was standing with the uniformed Merritt, pointing in his direction.

Merritt was aware that in the past several months there had been robberies of three Georgia Power Company offices, a C & S National Bank, and other businesses by a man whose description and dress fit those of Welton. The robberies had taken place around noon in crowded areas near a MARTA station.

Merritt had seen photographs of the robbery suspect and Welton appeared to be identical. Hartley agreed. Merritt asked Hartley if he had photographs of the suspect, and Hartley went to his car to get them.

Welton's client returned outside and departed, and Welton started walking south on Peachtree Street. Merritt decided to follow him. Welton had taken twenty or twenty-five steps towards a MARTA station when Merritt walked in front of Welton and said he wanted to speak with him. Welton cooperated and they went over to the side. Merritt asked Welton for some identification. He produced an out-of-state driver's license and offered additional identification. Merritt said that was not necessary and asked Welton about his residency and his business downtown. Welton asked Merritt why he had been stopped and Merritt answered that he was looking for someone downtown that looked like Welton. Merritt decided to let Welton go and Welton resumed his walk.

Shortly thereafter, Hartley brought Merritt the photographs and Merritt decided that Welton was the suspect and that he was going to stop him again. As Welton was about to enter the MARTA station, he heard his name called out. He turned around and saw Merritt and Hartley. Merritt told Welton that he had to detain him and take his portfolio, which they did. Hartley produced a photograph and told Welton to "take a look at yourself." Though Welton said he could see a likeness, he stated that it was not a picture of himself. Hartley continued to question Welton. Welton asked Hartley who he was, and Hartley stated he was an investigator. He denied that he worked for

Georgia Power. Welton assumed he was a detective with the Atlanta Police Department.

Merritt told Welton that he had to call the robbery squad and have the detective come to speak to Welton. Merritt radioed the Atlanta Police Department to request that Hall, the robberies detective, come to the scene.

Hall arrived and Hartley showed him the picture. Hall asked Welton for identification and questioned him about any arrest record. Hall told Welton he would have to come to the police station. Hartley indicated that he would meet them there, that he was "going to get my witness." Hall and Merritt searched Welton, put him in the car, and took him to the station. On the way, Hall explained to Welton about the robberies and the positive identification from the photo.

At the station, Hall photographed Welton and several other men in the building to show to the witness from Georgia Power who had been brought to the station by Hartley. The witness stated that the person she saw was much shorter than Welton. Hall apologized to Welton and told him he was free to go.

As Welton was leaving, he heard Hartley say to Hall, "But you didn't take the picture with his sunglasses on." Hall responded, "We have to let this go now. This is finished."

1. Appellant contends that the fact that Merritt was an off-duty police officer when the "false imprisonment" occurred does not preclude recovery from Georgia Power because at the time Merritt was acting as an agent and employee of the company, providing security for it. It urges that Georgia Power's contention that Merritt was an independent contractor must fail.

Appellant relies on *Colonial Stores v. Holt*, 118 Ga. App. 826 (166 SE2d 30) (1968). While the case is not binding as precedent, the principles stated are sound: " '[a] servant may also be a special officer of the law, and the latter fact does not relieve the master from liability for his acts within the scope of his authority as servant. If he commits a tort in the discharge of duties owing to the master, the latter will be liable for his servant's tort. If the servant commits a tort as a police officer, the master will not be liable, unless it was done at his direction.' [Cit.] However, even if a police officer was on duty with the city when the alleged tort occurred, it will not preclude a recovery if at the time he could have been acting as agent for and in behalf of his off-duty employer who is sought to be held liable. [Cit.]" Id. at 828 (1).

The question of Georgia Power's liability via Merritt "comes down to one of looking into the capacity in which [Merritt] was acting when the alleged tort occurred." Id. at 828-829 (2). See also *Melton v. LaCalamito*, 158 Ga. App. 820, 821 (1) (282 SE2d 393) (1981).

Merritt averred in affidavit that he was on duty as a police officer

twenty-four hours a day and was at all times vested with the authority to make arrests by the City of Atlanta; he had no authority to make arrests on behalf of Georgia Power; his job with Georgia Power did not involve investigating offenses against the company or assisting in apprehending suspected criminals but rather to afford security to company employees, primarily going to and from parking areas to the company offices; he was never granted any authority by Georgia Power to detain or arrest Welton but did it pursuant to his duty and authority as an Atlanta policeman.

The averments regarding Merritt's capacity at the time of Welton's detainment were echoed in Merritt's deposition testimony and were not contradicted by the shown circumstances construed favorably for Welton. Merritt successfully pierced the allegations that he was acting within his security capacity for Georgia Power during the incident. This situation contrasts with that in *Colonial Stores*, supra. There the defendant police officer's security duties for the company included assisting another security officer in *apprehending* any employee attempting to take merchandise out of the warehouse.

2. Appellant also contends that Georgia Power is liable because there was evidence that Merritt acted under Hartley's direction and control. He argues that Hartley fully participated in the "false imprisonment" by instigating, aiding in physical detention, conducting an independent interrogation, conferring with the police, providing a witness, and conferring with the witness at police headquarters.

" 'The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute. In the former case there is potential liability for false imprisonment or malicious prosecution (Cit.); in the latter case there is not. [Cit.]' [Cit.] . . . "If the defendant . . . merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer, or if the officer makes an independent investigation, or prosecutes for an offense other than the one charged by the defendant, the latter is not regarded as having instigated the proceeding; but if it is found that his persuasion was the determining factor in inducing the officer's decision, or that he gave information which he knew to be false and so unduly influenced the authorities, he may be held liable." ' [Cits.]" *Baggett*, supra at 347 (1).

Merritt's affidavit stated: at no time did Hartley or any other employee of Georgia Power direct or request him to detain or arrest Welton or suggest his detention or try to persuade him to detain Welton; all that Hartley did was to furnish at Merritt's request the suspect's photographs; it was Merritt's decision alone to detain Welton and to call Detective Hall; it was Hall's decision alone to take

Welton to the police station.

Appellant argues that certain of the circumstances as he portrays them at least raise a jury question as to Hartley's active instigation or procuring of the detainment, such as that Hartley pointed him out to Merritt. In the absence of evidence of bad faith, there is no liability for reporting facts to a law enforcement officer. Id. Hartley's questioning of Welton and showing him a photograph of the robbery suspect did not instigate, procure, or even prolong the detention inasmuch as the decision to call in the detective had already been made. Nor does the evidence support the contention that Hartley's conversation with Hall furthered the detention. Likewise, Hartley's transporting of the witness to the station or any alleged conversation with her did not render Hartley the procurer or instigator of Welton's mishap. Lastly, Hartley's alleged parting comments to Hall did not prolong the detention or show that Hartley had been the prime mover.

The trial court properly granted Georgia Power Company judgment as a matter of law on the bases urged.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED OCTOBER 25, 1988.

*Osgood A. Williams, Irwin M. Ellerin,* for appellant.

*Robert L. Pennington, Thomas C. Taylor, Douglas D. Salyers,* for appellee.