A93A1815, A93A1816. SMITH v. HOLEMAN et al.; and vice versa.
(441 SE2d 487)

BIRDSONG, Presiding Judge.

Mary Marlene Smith sued Clarence Holeman, The Varsity Drive-In of Georgia, Inc. and the City of Athens for damages for illegal arrest, malicious ("retaliatory") prosecution, false imprisonment, assault and battery, intentional infliction of emotional distress, and civil rights violations under 42 USCA § 1983. These claims arise out of events which began when Smith tried to enter The Varsity restaurant while barefooted.

Holeman was a full-time employee of the Athens police department. While working at The Varsity part-time, he wore his Athens police uniform. When he told Smith she could not enter the restaurant without shoes, she cursed and left; she drove around the parking lot, onto Broad Street and back to The Varsity drive-thru lane to order food. Smith denies that she drove improperly in doing this. Holeman ran to her car and told her to leave. She contends he has admitted he did this not because of the way she drove but because he did not like her attitude. In his incident report Holeman stated: "I approached the suspect about her driving, she became smart and had a nasty attitude in general." Smith contends she apologized but Holeman said he did not like her attitude and acted very hostile; he opened the door and pulled her out; she fell to the ground and Holeman roughly jerked her up, handcuffed her, had her taken to jail, had her car towed and had her dog taken away by the dogcatcher. The evidence is not clear as to whether Holeman actually charged her with a crime at that time.

Holeman contends that when Smith left The Varsity, she got in her car and raced out of the parking lot and back on the premises at speeds of 50-60 mph before coming to a screeching halt in the drive-thru lane; he asked her at least four times to leave but she refused and told him to go ahead and arrest her. He told her she was under arrest, but she tried to drive off, so he reached in and turned the car off; he pulled her hands off the steering wheel and she accidentally fell to the ground. The five witnesses are all Varsity employees.

These events occurred on May 12, 1989. Four days later, Holeman got warrants charging Smith with criminal trespass and misdemeanor obstruction of an officer. Smith pled not guilty in state court. In August 1989, Holeman learned the charges had been nolle prossed and that Smith's attorney was making inquiries to the police department. According to Smith, Holeman immediately tried to get the charges reinstated. Holeman expressed concern to the solicitor about being left open for a lawsuit. The solicitor refused to reinstate the charges. Holeman said he would carry the case to the district attorney. On his way to that office, he spoke to an attorney to whom he appeared angry and expressed concern that he might be sued, and said "he was going to go and get [the district attorney] to indict it." The district attorney, when told Holeman might be sued, agreed to review the case. Before the grand jury, Holeman was the only witness. An indictment was returned in three counts: reckless driving, criminal trespass, and felony obstruction. Smith pled not guilty and filed a plea in bar, alleging this to be a retaliatory prosecution.

The prosecution for reckless driving, criminal trespass and felony obstruction of an officer remains pending. The trial court granted summary judgment to Holeman on the claims for false imprisonment, malicious prosecution, and the § 1983 claim, but denied summary judgment on the claims for assault and battery, intentional infliction of emotional distress, and punitive damages. The court granted summary judgment to The Varsity as respondeat superior and granted in part and denied in part the City of Athens' motion for summary judgment on the § 1983 claim.

Smith appeals, contending that the trial court should not have granted summary judgment to defendants on any claim, but that any claims which cannot be pursued until after the criminal prosecution is terminated should only have been dismissed without prejudice. Holeman and the City of Athens cross-appeal. We apply the standards set out in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) as to summary judgment proof and procedure. *Held*:

1. The defense that the prosecution has not terminated in a malicious prosecution action is one in abatement, because the prosecution may yet terminate in the plaintiff's favor, and she may yet have a cause of action. A motion for summary judgment tests the merits of a claim and cannot be granted on matters in abatement, which are properly disposed of by motion to dismiss. *Primas v. Saulsberry*, 152 Ga. App. 88 (262 SE2d 251); *Bennett v. Fine Jewelers &c.*, 194 Ga. App. 377, 379 (390 SE2d 625). So, wherever the trial court granted summary judgment to defendants on a claim which may yet be asserted should the criminal prosecution terminate in plaintiff's favor, the claim should have been dismissed without prejudice.

2. To prove false imprisonment (see OCGA § 51-7-20) it is not

necessary to show malice. The defendant has the burden to prove the arrest was lawful, and when the arrest was without warrant he must show one of the exigent circumstances listed in OCGA § 17-4-20 (a). *Collins v. Sadlo,* 167 Ga. App. 317 (306 SE2d 390). Holeman contends the arrest was proper because a warrantless arrest may be made "by a law enforcement officer . . . if the offense is committed in his pres-ence." OCGA § 17-4-20 (a). See *Wilson v. State,* 223 Ga. 531, 536 (156 SE2d 446), cert. den. 390 U. S. 911. But this proviso excuses Holeman only if he was acting as a police officer and not in his capac-ity as security guard for The Varsity. *Colonial Stores v. Holt,* 118 Ga. App. 826, 828 (166 SE2d 30). The mere fact that Holeman was accou-tred as a police officer does not convert his conduct into that of a police officer. If Holeman arrested Smith because she violated the law, he was acting as a police officer, albeit an off-duty officer. See *Duncan v. State,* 163 Ga. App. 148 (1) (294 SE2d 365). But if he ar-rested her to get her off his employer's premises, he was not acting solely as a "law enforcement officer." See *Welton v. Ga. Power Co.,* 189 Ga. App. 17 (1) (375 SE2d 108). There is evidence that Holeman's duties as a security guard included arresting disorderly persons to re-move them from the premises, so it cannot be said as a matter of law that the arrest was lawful under § 17-4-20 (a). Whether the arrest was lawful as one made by a police officer is a jury question.

However, Smith may not maintain an action for false imprison-ment until the criminal action is terminated in her favor (*McCord v. Jones,* 168 Ga. App. 891 (311 SE2d 209)) for the pending prosecution is a continuance of the prosecution which was nolle prossed and is not barred. *Bowens v. State,* 157 Ga. App. 334 (277 SE2d 326). The sum-mary judgment on Smith's claim for false imprisonment is reversed with direction to dismiss the claim without prejudice. *Bennett,* supra; *Primas,* supra.

3. Holeman contends he is immune to the claims for assault and battery and intentional infliction of emotional distress, but we decline to so hold. If the arrest was lawful based on probable cause, he had the right to use that force reasonably necessary. See *Morton v. State,* 190 Ga. 792, 799 (10 SE2d 836); *Smith v. State,* 144 Ga. App. 785, 786-787 (242 SE2d 376). If the arrest was unlawful, Smith had the right to resist the unlawful arrest with all force necessary. See *Wag-ner v. State,* 206 Ga. App. 180 (424 SE2d 861) (physical precedent only, Court of Appeals Rule 35 (b)). A police officer assaults a person by attempting an unlawful arrest with force. *Brooks v. State,* 144 Ga. App. 97, 100 (240 SE2d 593). Even in a lawful arrest, an officer may not use more force than is reasonably necessary in the circumstances. *Bennett v. State,* 169 Ga. App. 85, 86 (311 SE2d 513). These claims cannot be determined until the lawfulness of the arrest is determined. The motion for summary judgment was properly denied, but the

claims must be dismissed without prejudice. *Bennett*, supra; *Primas*, supra.

4. The trial court erred in granting summary judgment on the merits to The Varsity as respondeat superior to Holeman in this suit. Smith's claims against The Varsity involve Holeman's conduct on its premises: unlawful arrest, assault and battery and intentional infliction of emotional distress. If the servant commits a tort as a police officer, the master will not be liable, unless it was done at his direction. *Quinones v. Maier & Berkele*, 192 Ga. App. 585, 589 (2) (385 SE2d 719). But the fact that Holeman was a police officer does not relieve The Varsity for his acts within his capacity as its employee. The case against The Varsity comes down to Holeman's capacity when the alleged torts occurred. Id. at 590; *Welton*, supra.

The Varsity is not relieved of liability merely because he used his capacity as a policeman to arrest Smith; he was not on-duty as a police officer (see *Colonial Stores v. Holt*, supra), and his reasons for his actions are a question of fact. The evidence may show he was hired by The Varsity to work in his police uniform, to lend that authority to his job at The Varsity (see *Duncan v. State*, supra at 149), so it cannot immunize itself by saying he acted as a police officer.

Moreover, the incident was observed by five Varsity employees including an assistant manager, and it is not suggested that any of them tried to temper his acts.

Summary judgment to The Varsity on the merits was error, but since Smith's claims against Holeman cannot be determined until the criminal prosecution is resolved, the claim must be dismissed without prejudice. *Bennett*, supra; *Primas*, supra.

5. The denial of summary judgment for punitive damages was correct on the merits, but the claim must be dismissed without prejudice. *Bennett*, supra; *Primas*, supra.

6. The trial court correctly denied summary judgment to the City of Athens on the claim under 42 USCA § 1983 for retaliatory (malicious) criminal prosecution.

An action for malicious prosecution must be supported by absence of probable cause and by malice. *El-Amin v. Trust Co. Bank*, 171 Ga. App. 35 (318 SE2d 655). The grand jury's indictment is prima facie *but not conclusive* evidence of probable cause (*Hill v. Trend Carpet*, 154 Ga. App. 446 (268 SE2d 682)), so the burden shifts to Smith to show *specific evidence* that probable cause did not exist *and* that the charges were motivated by malice. *Parks v. Norred & Assoc.*, 206 Ga. App. 494, 496 (426 SE2d 12); *Sears Co. v. Weddington*, 197 Ga. App. 52, 53 (397 SE2d 471); *Booker v. Eddins*, 183 Ga. App. 449, 451 (359 SE2d 211). If the officer gave information he knew was false and which unduly influenced the grand jury, he may be liable. *El-Amin*, supra; *Melton v. LaCalamito*, 158 Ga. App. 820, 822 (282 SE2d

393); see *Ginn v. C & S Nat. Bank*, 145 Ga. App. 175, 178 (243 SE2d 528). The suit may not necessarily depend on the knowingly illegal cooperation of the district attorney, for while he may have acted in good faith, the prosecution may still be without probable cause if, e.g., a defendant gives perjured testimony, and if the basis of his testimony bringing about the indictment is a malicious spirit or improper motive. See *Price v. Cobb*, 63 Ga. App. 694, 700-703 (11 SE2d 822).

However, public policy disfavors actions for malicious prosecution, particularly suits which impugn the grand jury process; the State has the right to prosecute crimes without the prosecutor's feelings being questioned, and citizens and police are encouraged to bring to justice those who are apparently guilty. Thus, *"as long as there was probable cause to prosecute,"* (emphasis supplied) (*Day Realty Assoc. v. McMillan*, 247 Ga. 561, 562 (277 SE2d 663)) and if there were no evidence of improper motive (malice) on the part of Holeman, summary judgment or a directed verdict for defendants would be in order. *Hartshorn v. Smith*, 104 Ga. 235, 239 (30 SE 666); *Stuckey v. Savannah &c. R. Co.*, 102 Ga. 782 (29 SE 920); *Darnell v. Shirley*, 31 Ga. App. 764 (3, 9) (122 SE 252).

Smith has produced direct evidence that after Holeman learned the misdemeanor charges were nolle prossed and that her attorney was inquiring about the arrest, Holeman stated to witnesses that the nolle prosequi left him open for a lawsuit, and he went directly to the district attorney, who he said looks after policemen. Smith's evidence may overcome the prima facie but not conclusive evidence of probable cause which is the grand jury's indictment. The grant of summary judgment to Holeman on the malicious ("vindictive") prosecution claim was improper, but the claim should be dismissed without prejudice. The § 1983 claim should likewise be dismissed without prejudice, for a jury may reasonably conclude a vindictive prosecution was carried on in violation of Smith's civil rights.

*Judgments reversed with direction. Pope, C. J., concurs. Andrews, J., concurs in judgment only.*

DECIDED FEBRUARY 23, 1994.

*McArthur & McArthur, John J. McArthur*, for appellant.
*Boyce, Ekonomou & Atkinson, Peter F. Boyce, Catherine M. Packwood*, for appellees.