A98A1361. SOMMERFIELD et al. v. BLUE CROSS & BLUE SHIELD OF GEORGIA, INC. et al.
(509 SE2d 100)

SMITH, Judge.

This case presents the issue of whether an off-duty police officer and his part-time private employer can be liable to a motorist injured as the result of a traffic accident that occurs while the officer is directing traffic in a public roadway at the behest of the private employer. This issue was previously addressed by this Court in *Beck v. Paideia School*, 191 Ga. App. 183 (381 SE2d 132) (1989). We conclude that this case is controlled by *Beck*, and we therefore affirm the trial court's grant of summary judgment in favor of the defendants.

The record shows that Glenda Sommerfield, her husband George Sommerfield, and her minor son, Matthew Sommerfield, brought suit against Chris Cannon, a City of Columbus police officer, Blue Cross & Blue Shield of Georgia, Inc. ("Blue Cross"), the private employer that hired Cannon to direct traffic near its premises, and the driver of another car, to recover for injuries resulting from a vehicular accident. The Sommerfields alleged negligence on the part of Cannon in directing traffic and asserted that Blue Cross was liable as Cannon's employer.[1] The trial court granted the motions for summary judgment of Cannon and Blue Cross, and the Sommerfields appeal. We conclude that *Beck*, supra, cannot be distinguished and that its reasoning is sound. We find that Cannon is immune from suit because he was acting in his official capacity and performing a discretionary function. Because the sole claim alleged against Blue Cross is based upon respondeat superior, recovery against Blue Cross is barred as well. We therefore affirm the trial court's grant of summary judg-

---

[1] Their complaint also alleged a claim against Blue Cross for negligence in failing to provide for a signal light or other traffic control device, but it is apparent that the plaintiffs did not pursue this allegation and did not argue it in opposing the motion for summary judgment. It was therefore abandoned.

ment in favor of these two defendants.

Cannon testified on his deposition that his superior officer, Sergeant Orlich, arranged for him to work at Blue Cross to fill in from time to time for other officers who worked there regularly. Orlich informed him he would be filling in on the day of this incident. Cannon reported for work and was directing traffic from the middle of Warm Springs Road, in front of the exit from Blue Cross's premises. The record shows that Sommerfield, driving her car with her son as a passenger, picked up her husband, who was a Blue Cross employee. She then approached the exit from Blue Cross's premises. Cannon testified that he was sharing duty with another officer, who was handling the eastbound traffic on Warm Springs Road. It was Cannon's responsibility to stop westbound traffic to allow vehicles exiting the Blue Cross premises to proceed.

Cannon testified he stopped westbound traffic, checked to make sure the other officer had eastbound traffic stopped, rechecked to ensure that westbound traffic was still stopped, and only then signaled the cars waiting to exit from the Blue Cross premises. Cannon motioned to Sommerfield to exit. As she did, her car was struck by a car traveling westbound on Warm Springs Road at a high rate of speed. At the same time, Cannon heard tires screeching and saw the westbound car hit the Sommerfield vehicle.

1. A cause of action against a police officer may involve sovereign immunity or official immunity. *Pearson v. City of Atlanta*, 231 Ga. App. 96, 101 (5) (499 SE2d 89) (1998). Such "immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice or corruption. [Cit.]" *Teston v. Collins*, 217 Ga. App. 829, 830 (1) (459 SE2d 452) (1995). And whether a police officer can be held liable for negligent conduct while working for a private entity depends on whether the officer was acting "within the scope of [his] official authority" at the time of the conduct. Id. In this case, we must determine whether in directing traffic on a public street while being paid by a private employer Cannon was performing a public function or a private function.

The Sommerfields contend that at the time of the accident, Cannon either was performing a completely private function on behalf of Blue Cross — assisting its employees to leave work safely — or at the very least he was acting in a dual capacity — directing traffic on a public roadway while also assisting Blue Cross employees. They therefore argue that the trial court erred in granting summary judgment in favor of Cannon. We do not agree.

It is certainly true that in directing traffic, Cannon was assisting Blue Cross employees. But we are persuaded, as we were in *Beck*, supra, that "directing traffic upon a public thoroughfare is a police

function." Id. at 184. It is *always* a police function; and this is true regardless of who is assisted in the process. Only police officers, firefighters, and school crossing guards may direct traffic. OCGA § 40-6-2. See OCGA § 40-1-1 (46) ("police officer" defined as officer authorized to direct or regulate traffic or make arrests for traffic violations). The activity of directing traffic is thus distinguished from other activities engaged in by police officers, such as security work, for which a question may exist as to whether an off-duty police officer is acting in his capacity as a police officer or as a private individual on behalf of his off-duty employer while performing specific tasks. See, e.g., *Smith v. Holeman*, 212 Ga. App. 158, 161 (4) (441 SE2d 487) (1994) (physical precedent only) (jury question whether police officer working as security guard for restaurant acted as police officer when making arrest); *Welton v. Ga. Power Co.*, 189 Ga. App. 17, 19-20 (1) (375 SE2d 108) (1988) (summary judgment properly granted to private employer of off-duty police officer because evidence showed capacity in which officer working at time of arrest was that of police officer); *Colonial Stores v. Holt*, 118 Ga. App. 826 (166 SE2d 30) (1968) (jury question whether off-duty officer working for warehouse made arrest in capacity as police officer or as employee of warehouse).

Because Cannon was directing traffic, and this activity is necessarily a police function, it follows that he was acting in his capacity as a police officer at the time of the incident. He therefore was entitled to assert official immunity as a defense to a claim of negligent conduct, and the trial court did not err in granting summary judgment as to Cannon.

2. The relationship of Cannon and Blue Cross determines whether Blue Cross can be held liable as Cannon's employer. *Beck*, supra at 183 (1). Generally, the employer can be held liable under the principle of respondeat superior if the employer had "the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity with the contract." (Citations and punctuation omitted.) *Beck*, supra at 183 (1). But where the employee is a police officer, another element must be considered. If the police officer, while working for the private employer, "was performing public duties, not at the direction of the private master," the employer will not be held liable. Id. Here, as in *Beck*, supra, Cannon's admission in his answer that he was "acting as an employee of" the private employer is not dispositive. Id. at 184-185. Contrary to the Sommerfields' contention, this was not an admission in judicio; it was merely an expression of Cannon's belief as to a legal conclusion. "The rule as to admissions in judicio applies only to admissions of fact and does not apply to opinions or conclusions. [Cits.]" *Aycock v. Calk*, 228 Ga. App. 172, 174 (491

SE2d 383) (1997).

Although Blue Cross determined the hours it required police assistance and the pay rate, no evidence was presented that Blue Cross controlled the *manner* or the *method* in which Cannon directed traffic. On the contrary, Cannon's police training and experience dictated how he directed the traffic. Because the duties he was performing for Blue Cross were clearly public duties, any negligence on the part of Cannon is not attributable to Blue Cross. *Beck,* supra at 184-185. Since the only ground for recovery asserted against Blue Cross is its alleged vicarious liability for Cannon's actions, it follows that no recovery can be had against Blue Cross. The trial court correctly granted summary judgment in favor of Blue Cross, as well.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 9, 1998 —
RECONSIDERATION DENIED NOVEMBER 20, 1998 

*Shulman & McBride, Warren S. Shulman,* for appellants.
*Lewis, Taylor & Todd, Alex L. Dixon, Hatcher, Stubbs, Land, Hollis & Rothschild, Gregory S. Ellington, James E. Humes II,* for appellees.

