[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12496
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00779-ODE


MICHAEL PIERCE,
MICHELLE PIERCE,

Plaintiffs - Appellees,

versus

CLAYTON COUNTY, GEORGIA, et al.,

Defendants,

RANDY DUANE BRASHEARS,
Individually and in his official capacity
as Detective employed by Clayton County,
BEVERLY CABANISS,
PATRICIA PERKINS,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 10, 2019)

Before MARTIN, FAY, and DUBINA, Circuit Judges.

PER CURIAM:

This is the second time we have considered an appeal in this case. In the first appeal, *Michael Pierce and Michelle Pierce v. Clayton County, Georgia, Randy Duane Brashears, et al.*, No. 17-10815 (11th Cir. Nov. 21, 2017), we reversed the district court's dismissal of the Pierces' claim for malicious prosecution against Detective Brashears, and the district court's denial of the Pierces' motion for leave to amend their complaint. On remand, the Pierces moved for leave to amend to add two additional defendants, Clayton Police Department Records Clerks Beverly Cabaniss and Patricia Perkins, to the lawsuit, and they also filed a Second Amended Complaint adding a state law claim for conversion against Detective Brashears.

The present appeal is from the district court's order denying Detective Brashears qualified immunity on the Pierces' constitutional claims and denying him official immunity based on their claim of conversion. Cabaniss and Perkins appeal the district court's denial of official immunity to them on the Pierces' claim

2

of negligent breach of ministerial duty under Georgia law.  The Pierces question

whether punitive damages and attorney's fees are available to them if they prevail

on their 42 U.S.C. § 1983 claim against Detective Brashears, particularly in light of

the district court's determination that the Pierces' claims for attorney's fees and

punitive damages under Georgia law were abandoned because they were not

specifically pled.

## I.  Qualified Immunity

We review *de novo* a district court's denial of a motion for summary

judgment on qualified immunity grounds.  *Fils v. City of Aventura*, 647 F.3d 1272,

1287 (11th Cir. 2011).  Thus, like the district court, we "view all evidence and

make any reasonable inferences that might be drawn therefrom in the light most

favorable to the non-moving party," but "only to the extent supportable by the

record." *Loftus v. Clark-Moore*, 690 F.3d 1200, 1203 (11th Cir. 2012).  *See also*

*Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007).  This requirement to

consider facts and reasonable inferences in favor of the plaintiff here "extends to

genuine disputes over material facts." *Penley v. Eslinger*, 605 F.3d 843, 848 (11th

Cir. 2010).

"Under the doctrine of qualified immunity, government officials acting

within their discretionary authority are immune from suit unless the official's

conduct violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (quoting *GJR Invs., Inc. v. City of Escambia*, 132 F.3d 1359, 1366 (11th Cir. 1998)). When a defendant establishes that he was acting within his discretionary authority, as is the case here, the burden shifts to the plaintiff to show that the facts and inferences drawn in the light most favorable to them demonstrate a constitutional violation and that the constitutional right at issue was clearly established at the time of the violation. *See Perez v. Suszczynski*, 809 F.3d 1213, 1218 (11th Cir. 2016); *Loftus*, 690 F.3d at 1204.

The Pierces assert a claim for malicious prosecution, contending that Detective Brashears violated their Fourth Amendment rights by arresting them for forgery and theft by taking. In our circuit, a claim for malicious prosecution has two constituent elements. The plaintiff first must show that his Fourth Amendment right to be free from unreasonable seizures was violated. *See Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir. 1996). Next, the plaintiff must prove the common law elements of a claim for malicious prosecution. *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). These elements are (1) a criminal prosecution initiated by the defendant, (2) with malice and without probable cause, (3) that terminated in the plaintiff's favor, and (4) caused damage to the plaintiff. *Id.* at 882. Here, the

4

parties primarily argue whether probable cause existed for the Pierces' arrests and whether Detective Brashears acted with malice.

This circuit has held that the Fourth Amendment right to be free from an unreasonable seizure is violated when an individual is arrested without probable cause. *Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010). In evaluating whether probable cause supported an arrest, the court looks not to what the defendant subjectively knew, but rather, to whether the facts known to a defendant could have led a reasonable officer to believe that the plaintiff had committed the alleged offenses. *See Wilkerson v. Seymour*, 736 F.3d 974, 977–78 (11th Cir. 2013). Moreover, if the court determines that the defendant lacked probable cause to arrest the Pierces, he may still be "entitled to qualified immunity if there was arguable probable cause for the arrest[s]." *Durruthy v. Pastor*, 351 F.3d 1080, 1089 (11th Cir. 2003) (quoting *Jones v. Canon*, 174 F.3d 1271, 1283 (11th Cir. 1999)). Arguable probable cause exists "where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant[] could have believed that probable cause existed to arrest Plaintiff[s]." *Grider*, 618 F.3d at 1257 (quoting *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004)).

5

The district court, upon a close analysis of the elements of the crimes alleged, determined that the facts proffered by Detective Brashears are insufficient to establish probable cause, or even arguable probable cause, to arrest the Pierces. Accordingly, the district court denied him qualified immunity on the Pierces' constitutional claims. Based upon our review of the record, we agree with the district court's well-reasoned order and affirm the denial of qualified immunity to Detective Brashears on the Pierces' claim of malicious prosecution.

## II.  Official Immunity for Detective Brashears

The Pierces asserted a claim for conversion in their amended complaint, and Detective Brashears claims that he is entitled to official immunity on this claim. The doctrine of official immunity "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without willfulness, malice, or corruption." *Sommerfield v. Blue Cross & Blue Shield of Ga., Inc.*, 235 Ga. App. 375, 376 (1998). Actual malice is described as "a deliberate intention to do a wrongful act." *Adams v. Hazelwood*, 271 Ga. 414, 414–15 (1999).

The district court determined that the Pierces have proffered enough evidence from which a jury could conclude that Detective Brashears had a deliberate intention to do wrong and denied him official immunity. Based upon

6

our review of the record and the district court's well-reasoned analysis, with which we agree, we affirm the district court's order denying Detective Brashears official immunity on the Pierces' claim for conversion.

### III.  Official Immunity for Cabaniss and Perkins

In Georgia, "[a] suit against a public officer acting in his or her official capacity will be barred by official immunity unless the public officer (1) negligently performed a ministerial duty, or (2) acted with actual malice or an actual intent to cause injury while performing a discretionary duty."  *Happoldt v. Kutscher*, 256 Ga. App. 96, 97–98 (2002).  The Pierces do not contend that Cabaniss and Perkins acted with malice; rather, the Pierces claim that they negligently performed a ministerial duty in issuing the Pierces an impound release form without requiring a bill of sale and without requiring documentation such as registration or title in the seller's name, as required by Clayton County Police Department procedures.  As the district court found, the parties primarily dispute whether Cabaniss and Perkins were engaged in a discretionary or ministerial duty. This is a determination that is made on a case-by-case basis.  *See Davis v. Effingham Cty. Bd. of Comm'rs*., 328 Ga. App. 579, 584–85 (2014).

We agree with the district court's determination that these defendants were engaged in a ministerial duty when they issued the impound release to the Pierces.

7

Under Georgia law, when "there is an established policy requiring an official to take specified action in a specified situation, the policy creates a ministerial duty on the part of the official to perform the specified task." *Grammens v. Dollar*, 287 Ga. 618, 620 (2010). The policy at issue provides specific procedures to release impounded vehicles, and one of these requirements is a notarized bill of sale and documentation such as registration or title in the seller's name. *See* Clayton County Police Department Procedure D31, Plaintiff's Ex. 3 at Document 91-4. The district court reasoned that the procedures set forth specific instructions for the records clerks to follow, and it does not require the clerks to consider any factors or apply any judgment. As the district court noted, "the records clerks are simply required to verify certain documentation on the checklist in the Procedures before issuing a Vehicle Impound Release Form." (R. Doc. 95, p. 33.) Therefore, we affirm the district court's order denying official immunity to these defendants on the Pierces' claim of negligent breach of duty under Georgia law.

## IV. Conclusion

After reviewing the record, reading the parties' briefs, and applying our appropriate standards of review in the present appeal, we affirm the district court's denial of summary judgment to Detective Brashears on his claim of qualified immunity on the Pierces' malicious prosecution claim and on his claim of official

8

immunity on the Pierces' conversion claim.  We also affirm the district court's denial of official immunity to Cabaniss and Perkins on the Pierces' claim for negligent breach of duty under Georgia law.

Should the Pierces ultimately prevail on their section 1983 claims, they should be permitted to reassert their claims for attorney's fees and costs under 42 U.S.C. § 1988.

**AFFIRMED.**