## 31007. CONIFER FARMS, INC. v. BRENT.

JORDAN, Justice.

Conifer Farms, Inc., appeals from the summary judgment granted to Gordon R. Brent in the equitable action brought by Conifer Farms against Brent in Baker County.

Conifer Farms alleged: Prior to October 23, 1972, it was the operator of a farm in Thomas County consisting of lands owned by it and a tract of land owned by Timber Farms, Inc. On that date Timber Farms conveyed its land to Brent pursuant to, and in accordance with, an express

agreement between Conifer Farms, Timber Farms, and Brent that Conifer Farms would retain all crop allotments, acreage history, and marketing quotas applicable to the land conveyed. In February and March, 1975, Brent requested the Thomas County Agriculture Stabilization and Conservation Committee to reconstitute the farm conveyed to him so that he could sell, lease, and otherwise transfer the allotments. Brent has notified Conifer Farms that he will transfer the allotments to third persons upon the reconstitution of the farm by the Thomas County ASC Committee.

It was prayed that Brent be enjoined from conveying, leasing, or transferring the crop allotments pertaining to the land he obtained from Timber Farms; that Brent be required to specifically perform the contract he made with Conifer Farms, and to execute all documents required by the ASC Committee to effectuate such performance; for judgment in the amount of $5,500; and for other relief.

Both parties made motions for summary judgment. The trial judge granted the motion of Brent on the basis that the conveyance from Timber Farms to Brent made no reservation of the allotments.

The parties stipulated as a part of the record for consideration by the trial judge on the motions for summary judgment copies of the proceedings of the Thomas County ASC Committee pertaining to the allotments involved in the case, together with certain federal regulations made pursuant to 7 USCA § 1281 et seq.

The minutes of the Thomas County ASC Committee meeting of April 10, 1975 (the same date the complaint was filed), recite that the committee acted on the application of Brent to reconstitute the farm sold by Timber Farms to Brent, after meeting with the attorney for Conifer Farms and other named individuals. The committee considered the contention of Conifer Farms that there was an oral understanding at the time Timber Farms sold land to Brent that all crop allotments would remain with Conifer Farms, the contention of Brent that he did not understand or remember such discussion, and Brent's refusal to agree to the owner designation method of distribution of the allotments. The committee

determined that the farm should be divided using the contribution method.

On April 24, 1975, the Thomas County ASCS office notified Conifer Farms that its farm had been reconstituted and the allotments revised by the contribution method by dividing them with Brent in stated proportions. The notice stated that if Conifer Farms was dissatisfied with the revision, it might request reconsideration by the county ASC Committee, such request to be filed in writing within 15 days from the date of the mailing of the letter.

No request for review of the committee's decision was made by Conifer Farms, and no action was brought in the Superior Court of Thomas County or in the United States District Court to review the decision of the Thomas County ASC Committee.

Brent strongly urges that the decision of the Thomas County ASC Committee became final, and that the matter cannot be litigated in a court of equity.

Conifer Farms contends that crop allotments are fully transferable under 7 USCA §§ 1314b, 1344b, 1358a; that it had obtained the title to, and all rights and interest in, the crop allotments involved here; and that it is entitled to enforce its rights in a court of equity.

The crop allotments created under the Agricultural Adjustment Act (7 USCA § 1281 et seq.), although made transferable under prescribed regulations, are not ordinary intangible property subject to unrestricted alienation. A landowner acquires no vested rights in the allotments. *Balkcom v. Cross,* 216 Ga. 530 (118 SE2d 185) (1961).

The allotments involved in the present case were procured by Conifer Farms in 1966 by an agreement with Timber Farms to combine certain of their lands into a single "farm," with all the crop allotments to be used by Conifer Farms. After the sale of the tract of land by Timber Farms to Brent in 1972, a reconstitution of the "farm" should have been effected under 7 USCA § 1379. Nothing was done about this until 1975 by either the seller (Timber Farms) or the purchaser (Brent). Conifer Farms asserts that the "farm" was not reconstituted by the seller because of the alleged agreement that the

allotments would remain with Conifer Farms. Brent asserts that he failed to have the farm reconstituted earlier because the seller stated that there were no crop allotments belonging to the land.

The regulations pertaining to the reconstitution of farms provides several methods of division of allotments. 7 CFR § 719.8. One method is by designation of the seller and purchaser, which is effected by the filing of a memorandum of understanding by them with the local ASCS office. No memorandum of understanding was filed in the present case and the contribution method was applied by the Thomas County ASC Committee.

The Agricultural Adjustment Act provides for review of the decisions of county ASC committees. 7 USCA §§ 1363, 1365, 1366. Such review is declared to be exclusive (7 USCA § 1367), and no court of the United States or of any state has jurisdiction to pass upon the legal validity of any determination of the committee except by the method of review provided. Gulley v. Hurley, 296 FSupp. 549 (1969).

Conifer Farms asserts that such review of the committee's determination could not be used to settle disputes between individuals. The sale of the tract owned by Timber Farms which has been included in the combined "Farm" operated by Conifer Farms required a reconstitution of the allotments under federal regulations, and it is only through a proper review of the ASC Committee's determination on that reconstitution that the controversy between the parties herein could be settled by any court. Compare: McClung v. Thompson, 401 F2d 253, 257 (3, 4) (1968); Hart v. Hassell, 250 FSupp. 893 (1966).

The appellee Brent was entitled to summary judgment because of the lack of jurisdiction of the Baker Superior Court to deal with the question of reconstitution, which had been determined by the Thomas County ASC Committee.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 13, 1976 — DECIDED JUNE 8, 1976.

*Altman, Williamson, McGraw & Loftiss, Robert B. Williamson,* for appellant.

*Smith, Geer, Brimberry & Kaplan, Peter Zack Geer,* for appellee.