A89A0211. CARR v. GLASS et al.
(378 SE2d 383)

BANKE, Presiding Judge.

The appellant received a distribution of 110 acres of his deceased father's farmland by conveyance from the other heirs. Thereafter, the

other heirs entered into a contract to sell the remaining 410 acres of the farm to Albert Glass, Jr., who then transferred the land to his father, Albert Glass, Sr. The appellant brought the present action against the Glasses, based on allegations that they had wrongfully refused to transfer to him the federal peanut crop allotment pertaining to the acreage they had acquired, in violation of an oral agreement between himself and Glass, Jr.

After Glass, Jr., had refused to execute the appropriate forms to effect transfer, the appellant had applied to the Dodge County Agriculture Stabilization Committee (ASC), seeking to have the farm's entire crop allotment reallocated to his 110 acres. The county committee instead reallocated the total allotment on a proportional basis between the two parcels. When the appellant's request for reconsideration of this decision was denied, he then appealed to the State ASC, which affirmed the county committee's decision. He thereafter appealed to the Deputy Administrator of the United States Department of Agriculture, who sustained the county committee's decision. The appellant then instituted the present action against the Glasses in the Superior Court of Dodge County, seeking to recover damages based on unjust enrichment. The Glasses denied liability and moved for summary judgment, contending that the trial court was without jurisdiction to entertain the lawsuit because the appellant had failed to follow the statutory requirements set forth at 7 USCA § 1363 for obtaining judicial review of allotment decisions. This appeal is from the grant of that motion. *Held*:

Federal acreage allotments "are not ordinary intangible property subject to unrestricted alienation." *Conifer Farms v. Brent*, 237 Ga. 42, 44 (226 SE2d 585) (1976). Rather, they can be transferred only through compliance with the procedural requirements specified in the Agricultural Adjustment Act, 7 USCA § 1281 et seq. Pursuant to 7 USCA § 1363, an adverse administrative determination on a farmer's request for reallocation may be appealed to a review committee composed of three local farmers. An adverse decision by the review committee is in turn subject to judicial review pursuant to 7 USCA § 1365, which provides: "If the farmer is dissatisfied with the determination of the review committee, he may, within fifteen days after a notice of such determination is mailed to him by registered mail or by certified mail, file a bill in equity against the review committee as defendant in the United States District Court, or institute proceedings for review in any court of record of the state having general jurisdiction, sitting in the county or the district in which his farm is located, for the purpose of obtaining a review of such determination." This remedy is exclusive, and "no court of the United States or of any state has jurisdiction to pass upon the legal validity of any determination of the committee except by the method of review provided."

*Conifer Farms v. Brent,* supra at 45. See also 7 USCA § 1367.

Although the appellant does appear to have exhausted his administrative appeal rights within the Department of Agriculture, see 7 CFR § 780.1 et seq., he did not thereafter seek an appeal to the review committee in accordance with 7 USCA § 1365. It follows that the trial court was powerless to award the relief sought and accordingly did not err in granting the appellee's motion for summary judgment. Accord *Conifer Farms v. Brent,* supra.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 1, 1989.

*Harrison, Hicks & Hicks, John H. Hicks,* for appellant.
*Smith & Harrington, Will Ed Smith,* for appellee.