## A92A0975. McKIM v. KAUFFMAN.
### (424 SE2d 11)

BIRDSONG, Presiding Judge.

This dispute is between the buyer and seller of agricultural property, wherein plaintiff McKim filed suit against seller Kauffman for his failure to convey to McKim two-thirds of the seller's agricultural bases, including his peanut quota, as provided by the purchase contract. The case was heard by a jury and the jury awarded $8,000 to

plaintiff McKim. Kauffman filed a motion for new trial which was granted. Subsequently the trial court granted summary judgment to seller Kauffman, ruling that it did not have jurisdiction of the matter because this is a dispute controlled by the Agriculture Stabilization & Conservation Service (ASCS) pursuant to 7 USCA § 1361 et seq. The trial court found and held in its decision granting summary judgment to seller Kauffman that the purchase contract provided that the conveyance of two-thirds of Kauffman's peanut quota was "to be adjusted to conform to all rules and regulations of ASCS"; that McKim went to the ASCS office in 1989 to request a reconstitution of the peanut allotment and the ASCS, according to its own procedures, gave McKim a 55 percent allotment. McKim had sought a reconsideration of the allotment to conform to the purchase contract between him and Kauffman, but the ASCS determined that this was a dispute between two growers, and the county ASCS committee would not become involved in that dispute.

According to the trial court's ruling and to the appellee, under the decisions of *Conifer Farms v. Brent*, 237 Ga. 42 (226 SE2d 585), and *Carr v. Glass*, 190 Ga. App. 148 (378 SE2d 383), appellant's exclusive remedy in this matter was compliance with procedural requirements of the Agricultural Adjustment Act, 7 USCA § 1281 et seq., under which an adverse review of an ASCS determination by a committee of three local farmers is then subject to review in federal court or state court. See *Carr*, supra at 149. The trial court in this breach of contract case found that appellant failed to pursue these remedies and, pursuant to *Carr*, that the court was without jurisdiction to interfere.

Appellant contends the dispute was not with the ASCS determination; rather, the ASCS officer testified the ASCS would have had no problem giving appellant a two-thirds allotment and would have done so if Kauffman had come to the ASCS office and signed the necessary transfer form, but because Kauffman did not sign the necessary forms, the allotment was made according to ASCS determination according to its regulations. *Held*:

The trial court erred in granting summary judgment to appellee Kauffman. According to the record, it would have been fruitless for appellant to pursue all ASCS procedural remedies because the problem lay not with the ASCS ruling under its regulations, which appellant does not actually contest, but with Kauffman's refusal to file the necessary transfer forms to effect a two-thirds reconstitution of his peanut allotment. According to the trial testimony of the ASCS officer, which is now a part of the record and which moreover was by stipulation considered in the summary judgment procedure, if Kauffman had filed the necessary transfer form, an allotment of two-thirds to McKim would not have been in violation of ASCS regulations and

would not have presented a problem to the ASCS, and the reason the allotment of 55 percent was made was that, without a transfer form being filed by Kauffman, the ASCS could not give such an allotment.

In his breach of contract suit, appellant addressed Kauffman's refusal to file the necessary transfer forms pursuant to his agreement to sell and convey in the contract for the sale of the real estate and "agricultural bases." This breach of contract suit is not a challenge to the ruling which the ASCS made; in fact, appellant in effect concedes this particular ASCS ruling was required on account of Kauffman's refusal to file the transfer forms. According to the evidence of the ASCS officer, the ruling would have been different if Kauffman had filed the transfer forms. Kauffman's failure to file the necessary transfer forms in this case was not the domain of the ASCS office; it is the domain of Georgia law as to enforcement of contractual obligations.

The parties' contract required Kauffman to convey two-thirds of his peanut allotment; he refused to do it, and according to the evidence if he had done it by filing the necessary transfer form, the two-thirds allotment would have been granted. The jury's determination that Kauffman caused McKim $8,000 damage by failing to comply with his contractual obligations for conveyance of two-thirds of his peanut allotment is not an attempt to encroach upon the jurisdiction of the ASCS under federal law, and it does not challenge the findings of the ASCS; in fact, the jury's verdict in effect upholds the ASCS determination giving McKim a 55 percent allotment and finds that Kauffman was liable for failing to convey a two-thirds allotment. This case is not controlled by *Carr v. Glass*, supra, because it is not clear in that opinion that the dispute was not centered upon the determination by the ASCS, and it appears the purchaser's damage in that case was caused by his failure to pursue all ASCS procedural remedies. This case is more related to *Combustion Engineering v. Norris*, 246 Ga. 413 (271 SE2d 813), where it was held in effect that as to a loss of ASCS allotment to certain farmland, by reason of the owner's transfer of the allotment to a third party, the purchaser of the farmland had a remedy at law. The bone of contention in that case, as here, is not the action of the ASCS, but the action or inaction of the seller of the farmland. Accordingly, the trial court erred in granting summary judgment to appellee Kauffman on the grant of new trial and erred in denying appellant's renewed motion for summary judgment in the case. Inasmuch as appellant did not properly appeal and enumerate as error the grant of new trial which vacated the jury verdict and award of $8,000, we are not authorized to reinstate the jury verdict as to the amount of damages.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED SEPTEMBER 10, 1992 —
RECONSIDERATION DISMISSED OCTOBER 13, 1992.

*Jon L. Coogle, Walker, Hulbert, Gray & Byrd, Charles W. Byrd,* for appellant.
*Chew & Lamberth, Walter S. Chew, Jr.,* for appellee.