## YOUNG vs. THE STATE OF GEORGIA.

1. The verdict in this case was not contrary to law or the evidence.
2. It was not admissible to ask a prosecutrix if she did not make certain statements in reference to the case on trial to an attorney different from those testified to by her, it appearing that such statements were made, if at all, in contemplation of the employment of the attorney to prosecute the case, although he was not actually employed until afterwards.  If, however, in the examination in chief the witness should testify to anything occurring in such communications material to her side of the case, the other party would have the right to inquire concerning the entire conversation.  If there should be anything tending to criminate her and she should refuse to answer as to it, the whole conversation should be excluded.
3. If counsel in argument travel outside of the case, the attention of the court should be called to it, and his ruling invoked either to restrain counsel or by way of a request to charge.  It is too late to raise the point on a motion for new trial.

| 65 | 525 |
| 90 | 772 |
| 65 | 525 |
| 101 | 805 |
| 65 | 525 |
| 102 | 346 |
| 65 | 525 |
| 106 | 764 |
| 65 | 525 |
| f128 | 368 |

New trial.  Criminal law.  Attorney and client.  Witness.  Evidence.  Practice in the Superior Court.  Before Judge LESTER.  Cobb Superior Court.  November Term, 1879.

The following, taken in connection with the decision, sufficiently reports this case :

Young, a colored man, was indicted for the rape of one Mary Bell, who appears to have been a white prostitute. On the trial, he was found guilty.  He moved for a new trial on the grounds stated in the decison, which was refused, and he excepted.  In connection with the second ground of error alleged, it may be stated that the prosecutrix testified that just after the offense was committed, she went to A. S. Clay, Esq., for the purpose of employing him, and conversed with him about the case.  She did not actually employ him until some months afterwards, and during the intervening time he made an affidavit which was used on the trial of a *habeas*

*corpus* case to fix bail for defendant, stating what she had said to him concerning the perpetrator of the crime. The point contained in the third ground was first raised on the motion for new trial.

GOBER & LESTER; W. R. POWER, for plaintiff in error.

THOS. F. GREER, solicitor-general, for the state.

CRAWFORD, Justice.

The plaintiff in error was charged with rape, found guilty, moved for a new trial which was refused, and he excepted. The grounds upon which his counsel relied before this court were:

1. That the verdict was contrary to law, and contrary to evidence.

2. Because the court erred in not allowing counsel for defendant to ask Mary Bell, if she did not tell A. S. Clay, Esq., on the fourteenth day of May, 1879, that the man who committed the rape upon her was a tall, large negro, with high cheek bones.

3. Because the solicitor-general was allowed in his concluding argument to say to the jury that the defendant was a negro, and the prosecutrix a white woman, and that they ought to put a stop to miscegenation as there was no telling where it would stop if it were not cut off, the jury being all white men.

1. The testimony of Mary Bell, the alleged victim of this crime, was positive both as to the identity of the person, and the commission of the act. It is true that it was shown that she was a lewd woman of the most abandoned character, and that from that character she was not to be believed upon her oath. She was however corroborated in much of her testimony by other witnesses who were not impeached.

Rebecca Burton testified as to the identity of the accused, and also as to his guilt. James Burton testified to

the presence of defendant in Mary Bell's room, and that
he saw him jerk her down upon the bed after he had
failed to find Leana Burton, another of these unfortunate
girls, for whom it appears he had been vainly in search.
No effort was made to impeach this lad, and no witness
was brought to prove that Rebecca Burton was unworthy
of belief, the only attempt to discredit her being upon a
matter not touching the *corpus delicti*, and in which it
does not appear that the defendant succeeded.

To sum up on this point, it appears that the jury, who
must be the judges of the fact, when the case is properly
sent down to them, as to whether *a rape* has been com-
mitted or not, believed that it had, and the judge, upon a
review of the evidence and the verdict, declined to inter-
fere with their finding.

2. Was the court right in excluding a statement said to
have been made by the prosecutrix to A. S. Clay, Esq.,
who was of counsel for her at the trial, but who was not
at the time when the same was made?

The law recognizes and protects the confidential rela-
tions existing between attorney and client, and we would
not abridge in the remotest manner these relations. In
this case the record shows that although the attorney was
not actually employed at the time of the conversation,
yet that the same was had *in anticipation of employing him*
and we think it comes fully within the letter, the reason and
spirit of the law. Whilst we thus hold, it is proper further
to declare, that if the witness in his testimony shall dis-
close anything in such confidential communications mate-
rial to his side of the cause, then the other party would
have the right to all that was said in the same conversa-
tion, although it was said to the attorney, and may inju-
riously affect his case. If the additional testimony should
be such as to criminate the witness, and he declines to
answer it, then the whole conversation should be excluded
from the consideration of the jury.

In this examination no part of the testimony sought

had been given or brought out by the state, and therefore it does not fall within the rule here laid down.    The court committed no error in rejecting the statement.

3. It is undoubtedly the duty of the judge, as far as possible, to restrain counsel whenever they travel out of the law and testimony involved in the case, and to confine them to the issues made by the proof and the pleadings. But when the judge is preparing his instructions for the jury in writing, or contemplating the principles of law to be given, his mind cannot be directed to every utterance made by counsel in the argument, and if the opposing counsel fear to interrupt, lest the retort may injure his client, he can always, by a written request to charge, correct errors of law or absurdity of position when the retort would be impossible.

For counsel to sit silently by, saying nothing, asking no correction in the charge, and never bringing his complaint to the attention of the judge, until it appears among the grounds for a new trial, would be to lie in ambush both for him and the opposite party, and this the law does not encourage.

Judgment affirmed.