RADFORD *et al. v.* GEORGIA AND ALABAMA RAILWAY.

Where a plaintiff dismissed his action and brought another in renewal thereof, answers to interrogatories duly sued out, executed, and returned while the first action was pending, and which were introduced in evidence on a trial thereof, are admissible on a trial of the second action.

Argued May 8, — Decided May 25, 1901.

Complaint.　Before Judge Smith.　Irwin superior court.　October 24, 1900.

*E. H. Williams,* for plaintiffs.

*Mackall & Anderson, L. Kennedy,* and *Thomas Eason,* contra

LUMPKIN, P. J.　An action was brought in the superior court of Telfair county, against the railroad company, by Radford and his wife, for personal injuries alleged to have been sustained by her in alighting from a train of the defendant upon which she was a passenger.　Subsequently this action was by the plaintiffs dismissed, and renewed within less than six months.　It came on for trial at the October term, 1900, of that court, and a verdict was rendered in favor of the defendant.　The plaintiffs made a motion for a new trial, which was overruled, and they excepted.　The controlling ground of that motion is based upon alleged error in refusing to admit in evidence the answers to certain interrogatories, embracing pertinent and material testimony, which had at the instance of the plaintiffs been sued out, duly executed, and returned while the original suit was pending, and which had been read in evidence on a trial thereof at the close of which the action was voluntarily dismissed.　This testimony was rejected solely " on the ground that these interrogatories were not sued out in the present suit," the court holding that " interrogatories taken and used in the trial of former suit, of which the present suit was a renewal, were not admissible."　We think the court erred in rejecting the testimony. In *Gaulden* v. *Shehee,* 24 *Ga.* 438, this court decided that, " Where two suits are pending between the same parties, upon separate

notes, which are parts of the same contract, and the defense to each is precisely the same, interrogatories taken in one of the cases may be read in both." The court certainly went to the extent of holding in that case that it was not essential to the admissibility of answers to interrogatories that they should have been sued out in the identical case in which they were offered. In speaking of the right of the party to read in the case on trial a set of interrogatories taken out in the other case, Judge Lumpkin said (p. 442): "Why not allow it to be done? The parties were the same; the subject-matter or issues the same precisely in both cases. No good reason can be assigned why they should not have been read." The case of *Singer* v. *Scott,* 44 *Ga.* 659, is even more closely in point. There it appeared that two suits were pending between the same parties for the same cause of action, one of which, to wit, that which had been first brought, the plaintiff on the call thereof dismissed. After this was done, the defendant moved for a continuance of the action last brought, on the ground that certain interrogatories which had been sued out by him in the first case had not been returned to court. The trial judge "refused the continuance, solely on the ground that they were not sued out for the second case." This ruling was by this court held to be erroneous. Had the decision been rendered by a full bench, it would be authoritative and controlling in the case now before us. It appears, however, that only two Judges participated in the judgment rendered. Nevertheless we think the ruling sound and that it should be followed. Judge McCay, after remarking that interrogatories taken in either case ought to be competent evidence in the other, added (pp. 660 – 661): "They are upon the same matter, between the same parties. Full opportunity to cross exists, and it would be sticking in the bark, indeed, to say that they can not be used in either case, accordingly as the plaintiff may select either one as his action."

The following from 6 Enc. Pl. & Pr. 579 – 581, is pertinent in this connection: "The rule is that depositions taken in one suit can not be used in another suit, unless the parties are the same or are in privity and the subject-matter involved is also the same; but when a deposition is taken in a suit other than the one in which it is offered, it is nevertheless admissible if it appears that the parties and the subject-matter are the same in both suits, and that the party against whom it is proposed to introduce the deposition had an

opportunity to cross-examine the witnesses." In *Crawford* v. *Word*, 7 *Ga.* 445, "it did not satisfactorily appear that the subject-matter was the same in both" suits (see page 456); and the same thing was true in *Broach* v. *Kelly*, 71 *Ga.* 698. The statement in the 3d headnote to the case in 7 *Ga.*, repeated substantially in 71 *Ga.*, to the effect that, even where the parties and the subject-matter are the same, interrogatories taken in one case can not be used in the other unless the witness be dead or inaccessible, was apparently obiter, and certainly no such rule was followed in the case cited from 24 *Ga.*, the opinion in which was delivered by the same Judge who spoke for the court in *Crawford* v. *Word.* Counsel for the defendant in error relied upon the decision rendered by this court in *Bowie* v. *Findly*, 55 *Ga.* 604, wherein it was held that, "Where a case is dismissed before trial, the interrogatories taken therein which have not been read in evidence are also out of court, unless there is some order or agreement of parties to the contrary." In the opinion delivered by Chief Justice Warner, considerable stress was laid upon the fact that the case in which the interrogatories were taken out had been "dismissed before trial," and that the interrogatories had never "been read in evidence." It is to be observed that this objection does not exist so far as the present case is concerned, but that, upon its facts, it falls within the ruling made in the case cited from 44 *Ga.*, and not within that announced in *Bowie's* case. We hold accordingly.

*Judgment reversed. All the Justices concurring.*