## 46851, 46852.   COLBERT COMPANY, INC. v. NEWSOM; and vice versa.

JORDAN, Presiding Judge. Newsom, who bought a home from The Colbert Company, claimed damages in the amount of $5,127.67 on the theory of the breach of an agreement which did not merge with the closing of the sale, under which The Colbert Company was obligated to remedy defects in construction and the condition of the premises, and for which $1,000 of the agreed price was put in escrow as security for performance. The Colbert Company filed a counterclaim for the $1,000, which was then in the registry of the trial court, and for an additional $700 for extra work. The jury returned a verdict in favor of Newsom in the amount of $4,556. The Colbert Company appeals the judgment thereon, and Newsom cross appeals the action of the trial judge eliminating his claim for expenses of litigation. *Held:*

1. A deposition, to the extent admissible under the rules of evidence, may be used against any party present or represented at the taking, or having due notice, "in accordance with any one" of the enumerated provisions set forth in the statute. CPA § 26 (d) (*Code Ann.* § 81A-126 (d)). On objection by the defendant to the deposition of a witness, the plaintiff purported to show that it met the requirements of CPA § 26 (d) (5), in that it was taken in connection with former litigation on the same subject matter between the same parties, as well as others, in the same court, and this showing, considered with other references in the transcript to the former litigation as having been dismissed, supports the action of the trial judge in allowing the plaintiff to use the deposition. See, to the same effect under former practice, *Radford v. Ga. & Ala. R.,* 113 Ga. 627 (39 SE 108).

2. Aside from the absence under CPA § 26 (d) of any specific basis for the exclusion of deposition testimony merely because it was adduced on cross examination, a party examining the agent of an adverse party has "the

privilege of subjecting such witness to a thorough and sifting examination, and with the further privilege of impeachment, as if the witness had testified in his own behalf and were being cross examined." *Code Ann.* § 38-1801. The defendant admitted in answering the complaint that the witness was a partner in the firm which acted as its agent in selling the property to the plaintiff, not merely an agent to procure a contract to sell, and this status is further supported by disclosures made throughout the course of the trial. The plaintiff was entitled to rely on any admission in the pleadings. *Code* § 38-402. Under the above circumstances the trial judge properly overruled the motion to strike the deposition testimony on the ground that it was adduced on cross examination.

3. The extrajudicial statements of the above witness adduced on trial by the testimony of the plaintiff and his wife, made during the existence and in pursuance of the agency, were admissible against the defendant, and not subject to exclusion as hearsay. *Code* § 38-406.

4. Testimony of one of the defendant's officers regarding conversations with the defendant's attorney, and disclosing that the $700 counterclaim for extra work was filed on the advice of the attorney, should have been excluded. *Code Ann.* § 38-418 (2). While the trial judge acknowledged that the objection of counsel for the defendant to this invasion of the attorney-client relationship was valid, he nevertheless overruled "your objection so far" and counsel did not renew the objection after the witness actually divulged the advice rendered by the defendant's attorney. Assuming, however, that it was incumbent on the trial judge to exclude all of the testimony, the error was harmless.

5. Testimony to the effect that the property was sold to the plaintiff at an agreed price which was below actual cost to the seller was irrelevant and properly excluded.

6. The proper measure of damages for the plaintiff's claim was the difference in the value of the house before and

after the agreed corrective actions which the seller failed to make, and evidence of this difference could be shown by evidence of the reasonable cost of these corrective actions. *Wilson v. Black,* 114 Ga. App. 735 (152 SE2d 755).

7. The verdict is within the range of the evidence and the numerous remaining contentions of the defendant, as argued and insisted upon, are without merit.

8. In our opinion from a perusal of the entire record and transcript the case obviously discloses a bona fide dispute in virtually every respect except the fact that $1,000 was withheld at the time of closing and placed in escrow as security for the defendant to take some corrective action in respect to the house and premises. It would be difficult, if not impossible, to pinpoint in detail what the plaintiff expected of the defendant, what the defendant actually agreed to do, and the extent to which there ever was an actual meeting of the minds or a performance or breach of the agreement. This confused state of affairs illustrates the necessity of a jury trial to resolve the dispute and negates any basis for jury determination that the defendant acted in bad faith, was stubbornly litigious, or caused the plaintiff unnecessary trouble and expense, to support any award of the expenses of litigation under *Code* § 20-1404. See *Traders Ins. Co. v. Mann,* 118 Ga. 381 (45 SE 426); *Lovell v. Frankum,* 145 Ga. 106 (88 SE 569); *D. H. Overmyer Co. v. Nelson-Brantley Glass Co.,* 119 Ga. App. 599 (168 SE2d 176).

Accordingly, we think the trial judge quite properly eliminated from jury consideration the claim of the plaintiff for expenses of litigation, and that the cross appeal of the plaintiff in this respect is without merit.

*Judgment affirmed. Deen and Clark, JJ., concur.*

ARGUED JANUARY 6, 1972—DECIDED FEBRUARY 24, 1972.

*Hilliard & Head, H. Garland Head, III,* for appellant.
*J. Ralph McClelland, Jr.,* for appellee.