60981, 60982. ASSOCIATED GROCERS CO-OP, INC. et al. v. TRUST COMPANY OF COLUMBUS; and vice versa.

SOGNIER, Judge.

These cases represent the second time the parties have brought this subject matter before this court. The prior opinion of this court is set forth in *Trust Co. v. Associated Grocers Co-Op,* 152 Ga. App. 701 (263 SE2d 676) (1979).

The appeal (No. 60981) involves (1) a question of priorities between the security agreement of the Trust Company of Columbus (plaintiff-appellee) and the security agreement of the Associated Grocers Co-Op (defendant-appellant) and (2) the conversion by defendant-appellants of equipment and inventory upon which Trust Company claimed a prior lien. In the cross-appeal (No. 60982), Trust Company is (3) attempting to compel testimony which appellees claim to be privileged under the attorney-client privilege.

1-2. In the first appearance of this case, this court held: "We find no evidence in the record to indicate that Associated Grocers had an enforceable security interest in the property until it took possession of it. Under these circumstances, the bank's security interest would clearly have priority." Id., at 703. We went on to state: "Under these circumstances, we find no support for the appellees' contention either that the security agreement was incorporated into the financing statement or that one existed at all. Thus, from the record before us, it appears that Associated Grocers did not acquire an enforceable security interest in the store's equipment and inventory until it took possession on August 8, 1977 (see Code Ann. § 109A-9—203 (1), supra) and that the appellant's [Trust Company] security interest, having been perfected at the latest on May 14, 1976, by the filing of a financing statement, was entitled to priority." Id., at 704.

In determining the earlier case, this court necessarily adjudicated the above issue.

We note in the earlier case that Associated Grocers submitted a brief on a motion for reconsideration of this court's opinion and the Supreme Court declined to review our holding on certiorari.

The trial court correctly applied our previous decision pursuant to Code Ann. § 81A-160 (h), which provides in part: "... any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court

and in the Supreme Court or the Court of Appeals as the case may be."

For the same reason, we are without authority to consider the priorities of these security agreements on this appeal. *Redmond v. Blau,* 153 Ga. App. 395 (265 SE2d 329) (1980). Accordingly, the trial court did not err in granting summary judgment to Trust Company to the extent that Trust Company had an enforceable security interest in certain collateral with priority over Associated Grocers and Lewis Borgh.

3. In the cross-appeal (No. 60982), Trust Company (cross-appellant) seeks to prevail in an attempt to compel Associated Grocers' attorneys to reveal whether they had advised Associated Grocers (cross-appellee) of the existence of the prior perfected security interest before Associated Grocers seized the collateral in question.

Trust Company contends that "The [trial] court erred in denying plaintiff's motion for an order compelling discovery for the reasons that the attorney-client privilege was waived and the information sought falls within the proper scope of discovery." The cross-appellant alleges in support of its appeal that "In denying plaintiff's motion for an order to compel discovery, the trial court stated that its rationale was twofold. First, the court noted that upon the taking of the depositions all objections were reserved. Therefore, the court reasoned that the partial disclosures in the depositions were not waivers since they were now being objected to.

"Secondly, the court found that there was no waiver because these disclosures were not made while Associated Grocers Co-op, Inc. was presenting its case or in furthering its cause, which would be a waiver, but rather, were made only in the course of cooperating in discovery."

The statutes of this state reserve the objections until trial of the case, except in some instances not applicable here, without specifically stating objections. Code Ann. § 81A-132 (b). The objections to the challenged parts of the deposition are not waived and do not preclude objection at trial.

Thus, the statutory and case law in this state supports the trial court's holding that there was no waiver because these disclosures were not made while Associated Grocers was presenting its case or in furthering its cause, but rather, were made only in the course of cooperating in discovery. *Young v. State,* 65 Ga. 525, 528 (1880).

The statutes and case law of this state are both in accord that under these circumstances, testimony of a client as to advice given to him by his counsel is incompetent, and on timely motion, should be excluded. Communications between attorney and client are

"excluded from consideration of public policy." Code Ann. §§ 38-418, 419, § 38-1102; *Campbell v. State,* 149 Ga. App. 299 (254 SE2d 389) (1979); *Colbert Co. v. Newsom,* 125 Ga. App. 571 (188 SE2d 266) (1972); *Braxley v. State,* 17 Ga. App. 196 (86 SE 425) (1915); and this court has held that the privilege applies to communications to the officers and employees of a corporate client as well as to individual clients. *Colbert Co. v. Newsom,* supra.

The trial court did not err in denying the cross-appellant's motion and the cross-appeal is without merit.

*Judgments affirmed. Deen, P. J., and Birdsong, J., concur.*

Decided March 4, 1981 —
Rehearing denied March 26, 1981.

*John T. Laney III, Jacob Beil, Tom B. Slade,* for appellants.
*Carlton Henson,* for appellee.

On Motion for Rehearing.

On motion for rehearing, appellants contend that new evidence was submitted to the trial court after this Court's decision in *Trust Co. v. Associated Grocers Co-Op,* 152 Ga. App. 701 (263 SE2d 676) (1979) and that the law of that case does not apply. We have reviewed the record on both appeals and find that evidence sufficient to decide the issues raised was a part of the record in both cases.

*Rehearing denied.*