46404. BRUCE et al. v. GARGES et al.
(379 SE2d 783)

HUNT, Justice

Eighteen years after this land registration action was originally filed, the trial court entered its final order to establish the respective

rights of the property owners on the one hand and their predecessor in title, the Bruce family, on the other, to accreted land in the East Beach subdivision of St. Simons Island. The Bruces[1] appeal claiming the trial court erred in failing to more narrowly define the extent of the property owners' recreational and access easements in the area to be registered.

The question whether the owners of lots in the subdivision possessed an easement to enjoy the use of the beach and to have access to it was addressed and resolved by this Court in *Smith v. Bruce*, 241 Ga. 133 (244 SE2d 559) (1978). The issue in this appeal, then, is whether the trial court, in adopting the rule of *Smith v. Bruce*, supra, erroneously refused to limit the recreational use easement to an area of soft sand beach immediately adjacent to the high water mark and to limit the access easement to the beach to the extension of pre-existing streets as proposed for public access to the beach in a settlement reached between the Bruces and the State of Georgia and Glynn County concerning public use of the beach area.[2]

1. East Beach subdivision was originally platted by civil engineer J. B. High in 1914 for the Bruce family which at that time owned the entire undeveloped tract. Lots were sold referencing the recorded plat. The plat shows a street, Beach Drive, running along the oceanward edge of the subdivision from First through Ninth Streets with a strip of land, varying from 25 to 300 feet wide, between Beach Drive and the mean high water line. Another strip of land below the mean high water line is designated "Smooth, Hard Beach—500 feet wide, 7,000 feet long."[3] The area between Beach Drive and the mean high water mark has, over the years, undergone extensive accretion. In 1970, when the Bruces filed this action to register the accreted land, it amounted to approximately 26.4 acres, and now, in 1989 as this case concludes, involves over 48 acres. As a result of a settlement of the claims of the State and Glynn County, however, 33 acres have been conveyed to Glynn County. The conveyed property runs along the beach from First to Ninth Streets at a width varying from 450 to 578 feet west of the high water mark and includes rights of access by extension of the cross-streets of the East Beach subdivision across the remaining 15 acres of accreted land which abuts Beach Drive. It is this 15 acres which the trial court finally registered in favor of the Bruces subject, *inter alia*, to:

---

[1] The members of the Bruce family have quitclaimed their interests in the accreted land to East Beach Properties, Inc.

[2] This settlement disposed of one of the original issues referred to in *Smith v. Bruce*, supra. The public use issue was remanded to the trial court to decide the question of public acceptance of the beach.

[3] A copy of this plat may be found attached to the opinion in *Smith v. Bruce*, supra at p. 151.

[a] private property right or easement of use, in favor of the property owners in East Beach Subdivision not only in the streets and alleys of said subdivision, but also in the beach area, including both the hard beach as far as legally possible[4] and *the area of soft beach between the mean high water line and the street designated as Beach Drive on the 1914 J. B. High plat* . . . as provided in *Smith v. Bruce*, 241 Ga. 133, at 141 (1978). [Emphasis supplied and footnote added.]

2. In entering this judgment, the trial court was complying with the "law of the case" rule. OCGA § 9-11-60 (h) provides "that any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in the case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." There can be no argument but that this rule applies, for it was in *Smith v. Bruce,* that the extent of the access and use easements of the lot owners was decided. The rule applies because the same parties and issues are involved and the evidentiary posture of the case remains the same. Compare *Modern Roofing &c. Works v. Owen,* 174 Ga. App. 875, 876 (322 SE2d 14) (1985). The question then becomes whether *Smith v. Bruce* established the broad use and access easements as stated in the trial court's order or whether *Smith v. Bruce* should be read to restrict both the access easement and recreational use easement as requested by the Bruce family.

3. (a) It is apparent to us that the holding in *Smith v. Bruce*, did two things. One, it recognized broad use and access easements in the entire open area shown on the 1914 plat between the median high water line and East Beach Drive and two, it recognized the effect of accretion on both the underlying fee owned by the Bruce family and on the use and access easements to which the lot owners were entitled.

The naming of the subdivision, "East Beach Subdivision"; the subdividing of practically all of the land area owned except the beach area; the designating of the front or easternmost street as "Beach Drive"; the leaving of an open area between an area designated as "smooth, hard beach" and "Beach Drive" without any reservations; the entering on the plat "Atlantic Ocean"; the failure to afford otherwise any reasonable means of access from the lots and streets in East Beach Subdivision to the smooth, hard beach and ocean; the designation of a line as "mean high water line" between the

---

[4] The State on behalf of the public in fact owns the rights to the foreshore. *Lines v. Ashmore,* 236 Ga. 401 (224 SE2d 334) (1976).

area designated as smooth, hard beach and "Beach Drive"; and the selling of one or more lots referring to such area in the recorded plat, conveyed to each purchaser in the subdivision an easement, to use such open area as a soft beach for all recreational purposes soft beaches can be used for, and as a means of ingress and egress from the subdivision lots and streets to the smooth, hard beach area and ocean.

*Smith v. Bruce*, supra at 142.

Although the property in dispute here is an open area, when considered along with the circumstances and other details of the subdivision and the plat involved, we say as a matter of law that easements in the open area were granted in favor of the property owners in the subdivision.

Smith v. Bruce, supra at 143.

Thus, the open land of the subdivision shown on the 1914 High plat over which we have held an easement was granted to the lot owners for soft beach purposes and as means of ingress and egress to the hard beach . . . would be subject to enlargement by any adjacent accretion, subject to the same easement rights in all of the subdivision lot owners . . . .

*Smith v. Bruce*, supra at 148.

(b) Considering these excerpts from the opinion, it is our view that this Court did not intend to limit the lot owners' recreational use to any area less than that which lies between the high water line and East Beach Drive and which is subject to expansion or contraction by the forces of nature.[5] When that opinion refers to the soft beach it is referring to all the land between the hard beach and Beach Drive. We believe the term was used merely to distinguish the open beach area above the high water mark from the smooth hard beach which lies below the water at high tide and is exposed at low tide. But even if one were to assume that, as land accreted between Beach Drive and the high water line, the recreational use would be confined to a lesser strip of soft sand, it would still be apparent that the lot owners would have unlimited *access* across the accreted area in order to reach both the soft beach and the hard beach. We know of no authority by which the lot owners' right of access could now be reduced to the street ex-

---

[5] In *Rolleston v. State*, 245 Ga. 576, 579 (266 SE2d 189) (1980), we recognized the changing nature of the shoreline in the context of a constitutional challenge to the Shore Assistance Act of 1979.

tensions as unilaterally proposed by the Bruces.[6] We thus conclude that just as the rights of the fee holder expand with the accreted land, so do the rights of the easement holder where such a broad grant has been made.

The judgment of the trial court was thus consistent with the law of the case as set forth in *Smith v. Bruce,* supra, and must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 8, 1989.

*Abbott, Talley & Abbott, Laurie K. Abbott, James B. Talley,* for appellants.

*George M. Rountree, Reid W. Harris, Robert O. Smith, Lucian J. Endicott, W. N. Little,* for appellees.

---

[6] The Bruces apparently contend that the lot owners' use of and access to the beach should be no greater than that of the public in general, a position which ignores the superior rights enjoyed by the lot owners.