A89A0664. NUNLEY CONTRACTING COMPANY, INC. v. FOUR TAYLORS, INC.
(384 SE2d 216)

BENHAM, Judge.

Appellee is the fee owner of real property. The property is leased to Markan Villa, Inc. (Markan). Appellant was a subcontractor on a

construction project undertaken by Markan. When the prime contractor did not pay the amount appellant claimed under the subcontract, appellant filed suit against the contractor and sought to impose a lien on appellee's property. The trial court granted appellee's motion for summary judgment. We affirm.

"A contract for improvements between a lessee and a materialman does not subject the interest of the lessor to a lien unless a contractual relationship exists between the lessor and the materialman as well. [Cit.] No express or implied consent of [Four Taylors] to the contract for improvements appears. Mere knowledge by the lessor of the improvements does not give rise to the lien. [Cit.]" *Accurate Constr. Co. v. Dobbs Houses*, 154 Ga. App. 605 (269 SE2d 494) (1980).

Appellant attempts to avoid the rule stated in *Accurate Constr. Co.* by asserting that the relationship between the lessor and the lessee is such as to charge the lessor with more than mere knowledge of the improvements. However, although the record shows that appellee's shareholders are the offspring of Mark Taylor, the sole shareholder of Markan; that Taylor owned the property at the time the lease with Markan was executed; and that he subsequently conveyed the property to appellee subject to the lease and to other encumbrances associated with a plan to build government subsidized low-income housing, there was no showing that the corporations involved are not separate entities or that appellee had any involvement in the property other than as owner and lessor. Although appellant contends that appellee made the property subject to its lien by participating in arranging the financing of the project, the evidence on which appellant relies to support that proposition is nothing more than an agreement by which appellee (as transferee of title to the property), the developer, and the housing authority agreed to subordinate their interests to those of the lender. The agreement on which appellant relies shows no more than approval of the construction project; it does not show any approval of the contract between appellant and the lessee/developer such as would make the property subject to appellant's lien under *Accurate Constr. Co.*, supra.

In the cases cited by appellant, *Bennett Iron Works v. Underground Atlanta*, 130 Ga. App. 653 (204 SE2d 331) (1974), and *Columbus Square &c. Co. v. B & H Steel Co.*, 150 Ga. App. 774 (258 SE2d 600) (1979), the lessors did more than merely consent to improvements being made; they contracted for them and paid the lessees by means of lease credits. There is no evidence in the record of this case to suggest such an arrangement.

Applying the rule in *Accurate Constr. Co.* to the facts established in the record of this case, we hold that the trial court was correct in granting summary judgment to appellee. That being so, appellant's second enumeration of error, attacking an alternate ground asserted

by appellee in the trial court as a basis for summary judgment, is moot and need not be addressed.

Judgment affirmed. *Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 23, 1989 —
REHEARING DENIED JULY 12, 1989 — 

*Davis, Kirsch & Wolfe, Dock H. Davis,* for appellant.

*Drew, Eckl & Farnham, T. Bart Gary, Michael F. Swick,* for appellee.