A91A0535. E. H. CRUMP COMPANY OF GEORGIA, INC. et al. v. MILLAR.
(409 SE2d 235)

COOPER, Judge.

This is the second appearance of this case before this court in an action in which the appellee is seeking to recover, inter alia, commissions which appellee alleged he earned in 1987, pursuant to the terms of an employment agreement with appellant, E. H. Crump Company of Georgia, Inc. ("E. H. Crump"). During the first appearance of this case, this court upheld the trial court's grant of partial summary judgment to appellee and its ruling that appellee was entitled to receive all unpaid commissions earned prior to August 4, 1987. *E. H. Crump Co. of Ga. v. Millar,* 194 Ga. App. 687 (391 SE2d 775) (1990) (*"Crump I"*). Upon return of the remittitur, the appellee filed an application for judgment requesting that the trial court enter a monetary judgment against appellants in accordance with the grant of partial summary judgment. Appellant, E. H. Crump, filed a response to the application for judgment and its own motion for partial summary judgment, contesting the dollar amount of the judgment sought by appellee and seeking a ruling that appellee could not earn any incentive compensation ("commissions") pursuant to the terms of the employment agreement. Appellants now appeal the trial court's orders denying the motion for partial summary judgment and entering judgment in favor of appellee in the principal sum of $329,302.82 on the application for judgment.

1. Appellants argue that the trial court erred in denying E. H. Crump's motion for partial summary judgment because under the terms of the employment agreement, appellee could not have earned any commissions in 1987 unless he had remained employed for the entire calendar year. The trial court, in denying appellants' motion, rejected appellants' argument finding that the contract provided otherwise and that the matter had already been decided against defendants.

We first note that ordinarily, a denial of a motion for partial summary judgment would be appealable only if an application for interlocutory review were granted after the trial court certified the matter for immediate review. OCGA § 5-6-34 (b). However, under the holding of *Southeast Ceramics v. Klem,* 246 Ga. 294 (271 SE2d 199) (1980), we may consider this enumeration of error along with other issues appealed because it is tied to an appealable order or judgment.

We next consider whether the trial court's order, upheld by this

court in *Crump I*, specifically resolved the issue of whether appellee earned commissions in 1987. Appellants argue that *Crump I* merely decided that appellee was entitled to compensation for his services for the period of time prior to August 4, 1987, the date that appellee allegedly breached certain of the provisions of his employment agreement with E. H. Crump and did not decide whether appellee had, under the terms of the employment agreement, actually earned any commissions. We disagree.

The trial court's order, reviewed by this court in *Crump I*, stated that "[Appellee] is entitled to those commissions earned during the periods where no breach of contract is alleged. . . . [Appellant] specifically alleges that the breach by [appellee] began August 4, 1987. [Appellee] is hereby granted summary judgment for all commissions earned before this date." In *Crump I*, appellants specifically enumerated as error the ruling of the trial court interpreting the employment agreement to allow appellee to receive commissions earned prior to the date he allegedly breached the employment agreement. Although the opinion in *Crump I* makes no express reference to appellee's entitlement to *commissions* for the period prior to August 4, 1987, this court had to necessarily interpret the terms of the employment agreement in order to reach the conclusion that appellee was entitled to receive compensation for the period of time preceding his alleged breach of employment. This conclusion is further bolstered by the dissenting opinion (dissenting only to that portion of *Crump I* which upheld the trial court's determination of the date that appellee's alleged disloyalty first occurred), which carefully analyzed the terms of the employment agreement and concluded that the employment agreement expressly allowed appellee to recover his commissions for the period of time prior to his breach of the employment contract. See *Crump I* at 692. Therefore, the issue of whether appellee was entitled to commissions under the terms of the employment agreement for the period prior to August 4, 1987, having once been before this court, has become the law of the case. OCGA § 9-11-60 (h). In denying appellants' motion for partial summary judgment, the trial court correctly applied our previous decision pursuant to OCGA § 9-11-60 (h). *Bruce v. Garges*, 259 Ga. 268 (2) (379 SE2d 783) (1989); *Associated Grocers Co-op. v. Trust Co. of Columbus*, 158 Ga. App. 115 (1-2) (279 SE2d 248) (1981). Although we need not address the other basis for the trial court's denial of appellants' motion for summary judgment, we do note that the employment agreement clearly and unequivocally provided that "[i]n the event of the [appellee's] termination of employment for any reason . . . incentive compensation shall be computed as of the end of the month preceding the month in which termination took place. . . ." Because of the clear and unambiguous language of the employment agreement, the trial court's con-

struction of the contract was proper. See generally *Long v. City of Midway*, 169 Ga. App. 72, 74 (311 SE2d 508) (1983). Accordingly, the trial court's order denying summary judgment to E. H. Crump is affirmed.

2. Appellants contend that even if the appellee had been entitled to a judgment on the issue of liability for commissions, the trial court erred in entering judgment for appellee in the amount of $329,302.82 because there was no evidence in the record to support the dollar amount of the judgment. Relying on *Blue Ridge Ins. Co. v. Maddox*, 185 Ga. App. 153 (2) (363 SE2d 595) (1987), appellants argue that the record in the present case was void of any sworn evidence of the amount of the commissions owed appellee.

OCGA § 9-11-56 (c) provides, in part, that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." " ' "(T)he court is obliged to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider *all papers of record*, as well as any material prepared for the motion that meets the standard prescribed in Rule 56 (e)." (Cit.)' [Cit.]" *Nelson v. Smothers*, 164 Ga. App. 112, 113 (296 SE2d 414) (1982). In the present case, we have examined the documents produced by appellants in response to appellee's request for production of documents, particularly the letter agreement between appellee and Henritze dated October 9, 1987, the commission summary attached thereto, the "commission runs" prepared by appellants in the ordinary course of business, and the transcript of the deposition of Henritze and conclude that sufficient evidence existed to support appellee's claim that he had earned commissions in the amount of $329,302.82 through August 4, 1987. In the absence of evidence to the contrary, we will presume that the trial court reviewed the entire record and verified appellee's calculations prior to entering its judgment against appellants in the amount of $329,302.82. See generally *Smith v. Jones*, 154 Ga. App. 629 (1) (269 SE2d 471) (1980); *Franklin v. Demico, Inc.*, 179 Ga. App. 775 (2) (347 SE2d 718) (1986). Accordingly, this enumeration of error is without merit.

3. Appellants further argue that the trial court erred in entering judgment for appellee in the amount of $329,302.82 because the affidavit of David Henritze ("Henritze"), submitted in support of appellants' motion, created a genuine issue of material fact as to the amount of money due appellee that should have been decided by a jury, and not as a matter of law.

"Evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence

inadmissible at trial is generally inadmissible on motion for summary judgment. [Cits.]" *Biggs v. McDougall*, 175 Ga. App. 87, 88 (1) (332 SE2d 381) (1985). Many of the averments contained in the affidavit consisted of Henritze's conclusory statements interpreting the provisions of the employment agreement to provide that appellee was not entitled to any commissions. "Generalized arguments amounting to mere conclusions have no probative value to pierce the facts presented by the movant for summary judgment. [Cit.]" *Jay Gleason &c. v. Gleason*, 193 Ga. App. 445 (2) (388 SE2d 43) (1989). See also *Freeman v. Pumpco, Inc.*, 167 Ga. App. 312, 313 (306 SE2d 385) (1983). Moreover, as discussed in Division 1 of this opinion, Henritze's legal conclusions were incorrect.

The remaining portions of the affidavit alleged that if appellee were held to be entitled to commissions under the employment agreement, appellee would only be entitled to commissions in the amount of $270,522.32, calculated in accordance with a commission summary set forth on an exhibit to the affidavit. To be admissible as business records, the summary must have been shown to be "made in the regular course of . . . business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter." OCGA § 24-3-14 (b). See also *Growth Properties of Fla. &c. v. Wallace*, 168 Ga. App. 893 (3) (310 SE2d 715) (1983). The Henritze affidavit does not allege that the summaries were made in the regular course of business and could not so allege, as it appears that the summaries were specifically created for use in this litigation. Therefore, the summaries attached to the affidavit would not be admissible as evidence in the motion for summary judgment and need not have been considered by the trial court. *Goss v. Mathis*, 188 Ga. App. 702 (373 SE2d 807) (1988). Appellants' affidavit failed to create a genuine issue of material fact to dispute the amount of commissions claimed by appellee to be owed him under the employment agreement.

4. The appellee's motion for the assessment of a penalty against the appellants pursuant to OCGA § 5-6-6 for filing a frivolous appeal is denied.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 28, 1991 —
RECONSIDERATION DENIED JULY 23, 1991 —

Smith, Gambrell & Russell, David A. Handley, Thomas E. Mc-Carter, Stack & Rogers, Ronald W. Rogers, for appellants.

Alembik, Fine & Callner, Bruce W. Callner, Kathy L. Portnoy, Mark E. Bergeson, Webb, Carlock, Copeland, Semler & Stair, David

*F. Root*, for appellee.