A00A0562. ANATEK, INC. v. CSX REALTY DEVELOPMENT, LLC.
(532 SE2d 115)

McMURRAY, Presiding Judge.

As the owner of certain real property on Hutchinson Island near Savannah, appellee-defendant CSX Realty Development, LLC ("CSX") entered into a business relationship with Colonial Motorsport Group, Inc. ("CMG") by a written agreement denominated "License Agreement Concerning 1997 Grand Prix at Savannah Harbor (the 'Agreement')." In consideration for the free use of CSX's property, the Agreement required that CMG use the name of CSX's Hutchinson Island development, Savannah Harbor, throughout its race promotion. The Agreement also authorized CMG to install improvements necessary to running the race. The Agreement required, however, that these be removed before its expiration date and that the race area be restored to its pre-race condition. In order to do so, CMG entered into a contract with appellant-plaintiff Anatek, Inc. ("Anatek") under which Anatek furnished labor, material, equipment, and services for site preparation work. When CMG did not pay the amount claimed under the contract, Anatek filed suit against CSX in the Superior Court of Chatham County, seeking to foreclose upon its claim of special lien on CSX's property in the amount of $81,420. The superior court granted CSX's motion for summary judgment, concluding that CSX's property was not lienable in that there was no evidence showing that the improvements to the property were " 'furnished at instance of the owner . . . or some person acting for the owner. . . .' OCGA § 44-14-361 (b)." Anatek appeals. *Held*:

While we are mindful that the issue in this case arises out of a licensing agreement for the use of land rather than a lease for such purpose, we deem the essential attributes of each instrument to be indistinguishable and elect to treat the Agreement herein as a lease.[1]

---

[1] See *Nat. Candy Wholesalers v. Chipurnoi, Inc.*, 180 Ga. App. 664, 666 (350 SE2d 303).

So construing the Agreement, we note that:

"[a] contract for improvements between a lessee and a materialman does not subject the interest of the lessor to a lien unless a contractual relationship exists between the lessor and the materialman as well. . . . Mere knowledge by the lessor of the improvements does not give rise to the lien."[2]

Anatek argues that (1) CSX's property was subject to its lien because CSX made CMG its contractor for improvements to the property, whether temporary or permanent, to the extent of the value of the free use of the property given by the Agreement, (2) agreed to pay for the construction of an access road to the property, and (3) "directed" that the work be done in that it approved where Anatek could do its work at the work site to benefit its planned future development of the property. These arguments to the contrary notwithstanding, there is no evidence of record that CSX agreed to pay for improvements to its property, whether permanent or otherwise. In this regard, Anatek does not offer more than argument based on hearsay in opposition to evidence supporting CSX's motion for summary judgment indicating that there was no CSX-CMG contract for the performance of work on CSX's property benefitting CSX. In addition to the Agreement and the CMG-Anatek contract, CSX supported its motion for summary judgment by affidavit testimony given by the general manager of its Savannah Harbor property, John McCleskey. McCleskey pertinently testified that:

CSX did not contract with CMG to perform any work or improvements on CSX'[s] property for the benefit of CSX, but rather specifically required CMG to remove all "improvements" at the end of the license period. . . . CSX did not agree to pay or be responsible or liable to CMG for, and in fact did not pay CMG, either directly or indirectly, for the cost of any work CMG had performed on CSX'[s] property. Instead, it was expressly agreed that CMG would be solely responsible for all costs associated with work it contracted to be performed on CSX'[s] property.

CSX further supported its motion for summary judgment with the deposition of Randall K. Gibbs, Anatek's subcontractor on the project for grading, clearing and grubbing, survey work, access road construction, and erosion control. Although Gibbs deposed that CSX

---

[2] (Citation omitted.) *Nunley Contracting Co. v. Four Taylors*, 192 Ga. App. 253, 254 (384 SE2d 216), citing *Accurate Constr. Co. v. Dobbs Houses*, 154 Ga. App. 605 (269 SE2d 494).

would pay for the access road constructed on the property and decided where permanent work done on the property would be done to facilitate its plans for the property's future development, he did so on the basis of what others told him, not his personal knowledge. We are not authorized to consider hearsay on motion for summary judgment. " 'Evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment. [Cits.]' "[3]

> Upon the appeal of the grant of summary judgment, this Court reviews the evidence de novo. Summary judgment is proper where the movant shows no genuine issue of material fact exists and entitlement to summary judgment as a matter of law. A defendant carries this burden by demonstrating the absence of evidence as to one essential element of plaintiff's case. Should the defendant do so, the plaintiff cannot rest on [its] pleadings, but rather must point to specific evidence giving rise to a triable issue.[4]

Inasmuch as there is thus no evidence of record showing that CSX had expressly or impliedly consented to the improvements made on its property,[5] the superior court did not err in granting summary judgment to CSX.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED MARCH 20, 2000 —
RECONSIDERATION DENIED APRIL 13, 2000.

*Cushing, Morris, Armbruster & Jones, Kevin R. Armbruster,* for appellant.

*Hunter, Maclean, Exley & Dunn, Christopher W. Phillips,* for appellee.

---

[3] *E. H. Crump Co. &c. v. Millar,* 200 Ga. App. 598, 600-601 (3) (409 SE2d 235), quoting *Biggs v. McDougall,* 175 Ga. App. 87, 88 (1) (332 SE2d 381).

[4] (Citations and punctuation omitted.) *Jackson v. Kmart Corp.,* 242 Ga. App. 274 (529 SE2d 404).

[5] *Nunley Contracting Co. v. Four Taylors,* 192 Ga. App. at 254, supra, citing *Accurate Constr. Co. v Dobbs Houses,* 154 Ga. App. at 605, supra.